FILED OCT21'26PM3:37
MDGA-ATH

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

---

William-Alan Austin,
Owner, Servicemark WILLIAM ALAN AUSTIN$^{SM}$,

Plaintiff,

**v.** Civil Action No.: _______________

CREDIT CORP SOLUTIONS, INC., a Utah corporation;
SYNCHRONY FINANCIAL, a Delaware corporation;
SYNCHRONY BANK, a federally chartered savings association;
POLLACK & ROSEN, P.C., a Georgia professional corporation;
PROVEST LITIGATION SERVICES LLC, a Florida limited liability company;
JEFF WILLISON, ESQ., individually;
THOMAS BEREGI, individually;
BRIAN D. DOUBLES, individually;
MICHAEL J. LEROY, individually;
CHARLES E. AUSLANDER III, individually and in his official capacity as Judge, State Court of Athens-Clarke County;
ELISA ZARATE, individually and in her official capacity as Clerk of Court, State Court of Athens-Clarke County;
ATHENS-CLARKE COUNTY UNIFIED GOVERNMENT, a political subdivision of the State of Georgia;
JOHN Q. WILLIAMS, individually and in his official capacity as Sheriff of Athens-Clarke County.

Defendants.

---

# COMPLAINT FOR SERVICEMARK INFRINGEMENT, INJUNCTIVE RELIEF, DISGORGEMENT, DAMAGES, TRIAL BY JURY DEMANDED

---

# INTRODUCTION

1. Plaintiff William-Alan Austin ("Plaintiff" or "Owner") brings this civil enforcement action for Servicemark infringement, unfair competition, willful infringement, and related claims arising from the unauthorized commercial acquisition, transfer, and exploitation of a financial services account identified by Owner's registered Servicemark WILLIAM ALAN AUSTIN℠, **Georgia Registration No. S-33096**, and the subsequent unauthorized commercial use of Owner's registered Servicemark in judicial proceedings in the State Court of Athens-Clarke County, Georgia, Case No. ST26CV0568, styled CREDIT CORP SOLUTIONS, INC. A/A/O SYNCHRONY BANK v. WILLIAM AUSTIN, all without Owner's prior express written authorization or a valid Servicemark License Agreement.

2. Owner's exclusive rights in Servicemark **WILLIAM ALAN AUSTIN℠** vested on March 11, 1958 under the common law priority of use doctrine confirmed by the Eleventh Circuit in ***Planetary Motion, Inc. v. Techsplosion, Inc., 261 F.3d 1188 (11th Cir. 2001)***, and were further evidenced by: (a) the recording of the trade name "WILLIAM ALAN AUSTIN" with the Oconee County, Georgia Clerk of Superior Court on February 27, 2026; and (b) the issuance of Georgia Servicemark **Registration No. S-33096** by the Georgia Secretary of State on April 28, 2026. Owner's rights in the Mark predate the existence of every named Defendant as a legal entity.

3. On or about April 12, 2025, Defendant Synchrony Bank commercially sold and transferred a financial services account bearing Owner's Servicemark as the account identifier to Defendant Credit Corp Solutions, Inc. ("CCS") in a for-profit bulk portfolio sale, without Owner's knowledge, consent, or authorization, and without a validly executed Servicemark License Agreement with Owner. CCS subsequently retained Defendant Pollack & Rosen, P.C. and Defendant Jeff Willison, Esq. as counsel of record for CCS and filed State Court civil action ST26CV0568 on June 22, 2026, using Owner's Servicemark as the designated party identifier. Defendant Willison then retained Defendant Provest Litigation Services LLC ("Provest") to commercially execute service of process bearing Owner's Servicemark. Defendants Judge Auslander and Clerk of Court Zarate thereafter incorporated Owner's Servicemark into the court's official public docket system, generating court fees and institutional

commercial benefit. No Defendant at any stage obtained a validly executed Servicemark License Agreement with Owner.

**4.** Every act of commercial exploitation of Owner's registered Servicemark described herein — from the for-profit bulk portfolio account sale, through the for-profit debt collection filing, legal representation, and process service, to the institutional maintenance of a public docket bearing Owner's Servicemark — was performed without Owner's prior express written authorization and without a validly executed Servicemark License Agreement with Owner. Such a License Agreement was, and remains, the only instrument by which Owner's consent to commercial use of the Servicemark could lawfully be granted. Each unauthorized act is independently actionable under **O.C.G.A. §§ 10-1-441(4)** and **10-1-451** and **15 U.S.C. §§ 1114(1)** and **1125(a)**.

**5.** This action is NOT a challenge to any debt, to the jurisdiction of the State Court of Athens-Clarke County, or to any proceeding in State Court Action No. ST26CV0568, and does NOT assert any claim under the Fair Debt Collection Practices Act. This claim is NOT about the use of a personal name as a defendant party identifier in State Court proceeding ST26CV0568. The Lanham Act expressly extends to personal names functioning as registered servicemarks, and the unauthorized commercial use of such a mark as a party identifier in any proceeding is actionable where that use occurs within, and as a direct result of, a for-profit commercial enterprise. The for-profit account sale, State Court Action filing, legal representation, and process service bearing Owner's Servicemark each constitute "use in commerce" under **O.C.G.A. § 10-1-440(1) and 15 U.S.C. § 1127**, and the judicial context in which that use appeared neither immunizes Defendants from servicemark law nor renders this action a collateral attack on any state court proceeding.

# I. THE PARTIES

## A. PLAINTIFF

**6.** Plaintiff William-Alan Austin ("Owner") is a living individual domiciled in Oconee County, Georgia, appearing as registered Owner of Servicemark **WILLIAM ALAN AUSTIN℠, Georgia**

**Registration No. S-33096**, issued April 28, 2026 by the Georgia Secretary of State. Oconee County lies within the Athens Division of the Middle District of Georgia.

## B. DEFENDANTS

**7.** Defendant **Synchrony Financial** is a Delaware corporation and publicly traded parent holding company of Defendant Synchrony Bank, with principal offices at 777 Long Ridge Road, Stamford, Connecticut 06902. Synchrony Financial financially benefited from the unauthorized commercial sale of the Mark-identified account by its subsidiary Defendant Synchrony Bank, and is subject to personal jurisdiction in this District as the controlling parent of Defendant Synchrony Bank.

**8.** Defendant **Synchrony Bank** is a federally chartered savings association and wholly owned subsidiary of Defendant Synchrony Financial, with its principal place of business at 170 West Election Road, Suite 125, Draper, Utah 84020. Synchrony Bank commercially sold the Mark-identified account — bearing the derivative designation "WILLIAM A AUSTIN," an unauthorized derivative of Owner's registered Servicemark — to Defendant CCS at a discounted price, generating commercial revenue through unauthorized exploitation of Owner's Servicemark without a validly executed Servicemark License Agreement with Owner.

**9.** Defendant **Credit Corp Solutions, Inc.** ("CCS") is a Utah corporation with principal offices at 121 West Election Road, Suite 200, Draper, Utah 84020, registered to do business in Georgia. CCS commercially purchased the Mark-identified financial services account at a discounted price with the intent of further exploitation for profit through its debt recovery processes, without a validly executed Servicemark License Agreement with Owner.

**10.** Defendant **Pollack & Rosen, P.C.** is a Georgia professional corporation with offices at 5755 North Point Parkway, Suite 21, Alpharetta, Georgia 30022. As the law firm retained by CCS to prosecute ST26CV0568, Pollack & Rosen, P.C. generated legal fee revenue through proceedings bearing Owner's Servicemark as the named party identifier, constituting unauthorized commercial

exploitation of Owner's registered Servicemark. Pollack & Rosen, P.C. is directly liable for Defendant Willison's infringing acts under respondeat superior.

**11.** Defendant **Jeff Willison, Esq.** is a licensed Georgia attorney (Bar No. 606983) and a practicing attorney for Defendant Pollack & Rosen, P.C. As counsel of record for CCS, Defendant Willison is sued individually as an Active Moving Force in State Court Action No. ST26CV0568 who personally directed and participated in the unauthorized commercial exploitation of Owner's Servicemark, generating personal commercial benefit through attorneys' fees billed and collected in connection with ST26CV0568 bearing Owner's Servicemark as the named party identifier, without a validly executed Servicemark License Agreement with Owner.

**12.** Defendant **Provest Litigation Services LLC** ("Provest") is a Florida limited liability company registered to do business in Georgia, with principal offices at 7702 Woodland Center Blvd., Suite 100, Tampa, Florida 33614, and a registered agent at C T Corporation System, 289 S. Culver St., Lawrenceville, GA 30046. Provest is a for-profit litigation support vendor retained by Defendant Willison to execute service of process in State Court Action No. ST26CV0568. Provest commercially transmitted and executed service of process documents bearing Owner's Servicemark, generating revenue through the unauthorized exploitation of Owner's Servicemark. Additionally, in furtherance of that engagement, Provest retained Defendant Sheriff John Q. Williams to physically execute service of process bearing Owner's Servicemark, generating additional for-profit fees — all without a validly executed Servicemark License Agreement with Owner.

**13.** Defendant **Thomas Beregi** is the President and Chief Executive Officer of CCS, the principal officer responsible for CCS's overall business operations and commercial performance. As CEO, Defendant Beregi personally benefits from CCS's commercial success derived from CCS's debt recovery revenues. Defendant Beregi is sued individually as an Active Moving Force who, as the responsible principal officer, participated in the unauthorized commercial exploitation of Owner's Servicemark by CCS, thereby generating personal financial benefit through salary, bonuses, equity compensation,

and/or other executive benefits received from CCS, without a validly executed Servicemark License Agreement with Owner.

**14.** Defendant **Brian D. Doubles** is the Chief Executive Officer of Synchrony Financial, the principal officer responsible for Synchrony Financial's overall business operations and commercial performance. As CEO, Defendant Doubles personally benefits from Synchrony Financial's commercial success derived from the commercial activities of its subsidiaries. Defendant Doubles is sued individually as an Active Moving Force who, as the responsible principal officer, participated in the unauthorized commercial exploitation of Owner's Servicemark by Synchrony Financial and its subsidiary Defendant Synchrony Bank, thereby generating personal financial benefit through salary, bonuses, equity compensation, and/or other executive benefits received from Synchrony Financial, without a validly executed Servicemark License Agreement with Owner.

**15.** Defendant **Michael J. Leroy** is the Chief Financial Officer and Authorized Person of Provest Litigation Services LLC, as reflected in Provest's Florida Secretary of State corporate filings, and is a principal officer responsible for Provest's financial operations and commercial performance. As CFO, Defendant Leroy personally benefits from Provest's commercial success derived from Provest's litigation support revenues. Defendant Leroy is sued individually as an Active Moving Force who, as the responsible principal officer, participated in the unauthorized commercial exploitation of Owner's Servicemark by Provest, thereby generating personal financial benefit through salary, bonuses, and/or other executive compensation received from Provest, without a validly executed Servicemark License Agreement with Owner.

**16.** Defendant **Athens-Clarke County Unified Government** ("ACC") is a political subdivision of the State of Georgia organized under **O.C.G.A. § 36-3-1 et seq.**, with principal offices at 301 College Avenue, Athens, Georgia 30601, served through Mayor Dexter Fisher. As a political subdivision of the State of Georgia, ACC bears institutional responsibility for ensuring that all of its officers, agents, and employees — including Defendants Auslander, Zarate, and Williams — comply with all applicable Georgia statutes and regulations, including those governing the unauthorized commercial

use of registered servicemarks under **O.C.G.A. § 10-1-451**. ACC owns, operates, and administers the State Court of Athens-Clarke County — the court in which ST26CV0568 is filed and maintained — and bears direct institutional responsibility for the ongoing unauthorized use of Owner's Servicemark in its official court records. ACC's continued maintenance of the public docket bearing Owner's Servicemark without authorization or correction after confirmed actual written notice constitutes ongoing infringement. ACC is subject to suit under **15 U.S.C. § 1122(b)**, which expressly waives Eleventh Amendment immunity of state instrumentalities for Lanham Act violations.

**17.** Defendant **Charles E. Auslander III** is the Presiding Judge of the State Court of Athens-Clarke County, a court owned, operated, and administered by Defendant Athens-Clarke County Unified Government ("ACC"). As an officer of ACC, a political subdivision of the State of Georgia, Defendant Auslander is subject to compliance with all applicable Georgia statutes and regulations, including those governing the unauthorized commercial use of registered servicemarks under **O.C.G.A. § 10-1-451**. In his capacity as Presiding Judge, Defendant Auslander's acceptance, processing, and maintenance of jurisdiction over ST26CV0568 — a case caption bearing the derivative designation "WILLIAM AUSTIN" as the named party identifier — generates court fees and institutional commercial revenue for ACC through the unauthorized exploitation of Owner's registered Servicemark, without a validly executed Servicemark License Agreement with Owner.

**18.** Defendant **Elisa Zarate** is the duly appointed Clerk of the State Court of Athens-Clarke County, an office within Defendant ACC. As an officer of ACC, a political subdivision of the State of Georgia, Defendant Zarate is subject to compliance with all applicable Georgia statutes and regulations, including those governing the unauthorized commercial use of registered servicemarks under **O.C.G.A. § 10-1-451**. In her capacity as Clerk, Defendant Zarate's processing, docketing, and maintenance of the court record bearing the derivative designation "WILLIAM AUSTIN" as the named party identifier — including the collection of filing fees deposited into interest-bearing trust accounts under **O.C.G.A. § 15-6-76.1** — generates institutional commercial revenue for ACC

through the unauthorized exploitation of Owner's registered Servicemark, without a validly executed Servicemark License Agreement with Owner.

**19.** Defendant **John Q. Williams** is the duly elected Sheriff of Athens-Clarke County, Georgia, a resident of Clarke County within this District and Division, whose office operates under the authority of Defendant ACC. As an officer of ACC, a political subdivision of the State of Georgia, Defendant Williams is subject to compliance with all applicable Georgia statutes and regulations, including those governing the unauthorized commercial use of registered servicemarks under **O.C.G.A. § 10-1-451**. In his capacity as Sheriff, Defendant Williams's enforcement of the Summons issued under ST26CV0568 — a court process instrument bearing the derivative designation "WILLIAM AUSTIN" — and collection of statutory process service fees generates institutional commercial revenue for ACC through the unauthorized exploitation of Owner's registered Servicemark, without a validly executed Servicemark License Agreement with Owner.

## II. JURISDICTION AND VENUE

**20.** This Court has subject matter jurisdiction over Plaintiff's Lanham Act claims pursuant to **28 U.S.C. §§ 1331** and **1338(a)**. Under **28 U.S.C. § 1338(a)**, federal district courts have original and exclusive jurisdiction over civil actions arising under any Act of Congress relating to trademarks and Servicemarks — jurisdiction that cannot be exercised by any state court. This Court has supplemental jurisdiction over Plaintiff's state law claims under **28 U.S.C. § 1367**, as those claims arise from the same nucleus of operative facts as the federal claims.

**21.** All Defendants are subject to personal jurisdiction in this District. Defendants CCS and Provest are foreign corporations or limited liability companies registered to do business in the State of Georgia with designated registered agents in Georgia, having voluntarily availed themselves of the privileges of conducting business in Georgia and thereby consenting to personal jurisdiction in Georgia federal courts. Defendant Synchrony Bank, a federally chartered savings association, is subject to personal jurisdiction pursuant to the nationwide service of process provisions of **O.C.G.A. § 10-1-451(a)** and **15**

**U.S.C. § 1116** and its systematic and continuous commercial activities directed at consumers in this District. Defendant Synchrony Financial is subject to personal jurisdiction as the Delaware parent holding company that directed, authorized, and financially controlled the acts of its subsidiary Defendant Synchrony Bank giving rise to the claims herein. Defendants Willison and Pollack & Rosen are Georgia attorneys and a Georgia law firm. Individual Defendants Beregi, Doubles, and Leroy are subject to personal jurisdiction pursuant to the nationwide service of process provisions of **O.C.G.A. § 10-1-451(a)** and **15 U.S.C. § 1116** and their personal participation in infringing conduct directed at and causing harm in this District.

**22.** Defendant Athens-Clarke County Unified Government ('ACC') is a political subdivision of the State of Georgia and is located within this judicial district, making it subject to this Court's personal jurisdiction. ACC's principal offices are located at 301 College Avenue, Athens, Georgia 30601, within this Division. Under **O.C.G.A. § 10-1-451(b)**, any governmental entity is expressly subject to suit for infringement of a Georgia-registered Servicemark, eliminating state sovereign immunity as to Georgia trademark claims. Independently, **15 U.S.C. § 1122(b)** — titled "Waiver of Sovereign Immunity by States" — constitutes a voluntary statutory waiver of sovereign immunity for Lanham Act claims against any State, instrumentality of a State, and any officer or employee of a State acting in official capacity; as a waiver rather than an abrogation, its force is not diminished by ***College Savings Bank v. Florida Prepaid, 527 U.S. 666 (1999).*** ACC, as a political subdivision, possesses no Eleventh Amendment immunity in any event under ***Lincoln County v. Luning, 133 U.S. 529 (1888)***.

**23.** Defendant John Q. Williams is the duly elected Sheriff of Athens-Clarke County, Georgia, a resident of Clarke County, Georgia, within this District and Division, and is subject to this Court's personal jurisdiction based upon his transacting business and committing the acts complained of herein within this District.

**24.** Venue is proper in this District and Division pursuant to **28 U.S.C. § 1391(b)(2)** because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, including: **(a)** Plaintiff's

domicile and the locus of harm to Plaintiff's registered rights are in Oconee County, Georgia, within this Division; **(b)** Georgia Servicemark **Registration No. S-33096** and the Oconee County Trade Name Registration are official public records of this District; **(c)** the State Court of Athens-Clarke County, within this Division, is the venue in which multiple Defendants committed unauthorized commercial acts bearing the derivative designation "WILLIAM AUSTIN," including the filing of pleadings, issuance of process, enforcement of the Summons, and maintenance of the public docket; **(d)** the unauthorized use of Owner's Servicemark, including all associated derivative variations, in the State Court records, docket, and data systems is occurring within this Division; and **(e)** the formal Notices of Servicemark Infringement were served upon and confirmed delivered to Defendants within this Division on August 6, 2026.

## III. FACTUAL ALLEGATIONS

### A. PLAINTIFF'S REGISTERED SERVICEMARK RIGHTS

**25.** The name **WILLIAM ALAN AUSTIN** has been in use in commerce since March 11, 1958, as established by Georgia Servicemark **Registration No. S-33096**. Under the common law priority of use doctrine confirmed by binding Eleventh Circuit precedent in ***Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188 (11th Cir. 2001)**, Owner's exclusive rights vested on that date and the registration relates back ***nunc pro tunc ab initio***. Owner's rights predate the existence of every named Defendant as a legal entity.

**26.** Pursuant to **O.C.G.A. §§ 10-1-440 et seq.**, the Georgia Secretary of State issued Servicemark **Registration No. S-33096** to Plaintiff on April 28, 2026 for the mark **WILLIAM ALAN AUSTIN**$^{SM}$, Class 3 — Private Banking and Financial Services, constituting constructive notice of Plaintiff's exclusive rights to all persons and entities under **O.C.G.A. § 10-1-452**. Plaintiff independently recorded the trade name "WILLIAM ALAN AUSTIN" with the Clerk of Superior Court of Oconee County, Georgia on February 27, 2026, pursuant to **O.C.G.A. § 10-1-490**, published in ***The Oconee Enterprise*** on March 12 and 19, 2026 — predating **Registration No. S-33096** by

in The Oconee Enterprise on March 12 and 19, 2026 — predating Registration No. S-33096 by sixty (60) days and predating all events giving rise to this action. Owner's exclusive rights extend to all colorable imitations and derivative variations of the registered Mark under **O.C.G.A. § 10-1-451** and **15 U.S.C. § 1114(1)**, including but not limited to: "WILLIAM A AUSTIN," "WILLIAM AUSTIN," "AUSTIN, WILLIAM," and "Austin, William."

**27.** Each of the five unauthorized derivative variations of Owner's registered Servicemark was commercially used by one or more Defendants as a party identifier in commercial and judicial records without Owner's authorization, as follows:

- **a)** **"WILLIAM A AUSTIN"** — used by Defendant Synchrony Bank as the party identifier on account statements transmitted to Owner in connection with the Synchrony Bank credit account at issue in ST26CV0568, constituting unauthorized commercial use of a colorable imitation of Owner's registered Servicemark in connection with consumer financial services, without a validly executed Servicemark License Agreement with Owner;
- **b)** **"WILLIAM AUSTIN"** — used by Defendant CCS as the party identifier in the state court caption and in all pleadings, motions, and commercial instruments filed or submitted by CCS in ST26CV0568, constituting commercial use of a colorable imitation in sworn and unsigned commercial instruments and court filings; used identically by Defendants Willison and Pollack & Rosen, P.C. in all pleadings, motions, and instruments filed in ST26CV0568; and used by Defendant Provest Litigation Services LLC and the Athens-Clarke County Sheriff's Department on service of process documents and the Sheriff's Return of Service transmitted and executed in connection with ST26CV0568;
- **c)** **"AUSTIN, WILLIAM"** — used by Defendant Zarate as the party identifier on the official clerk-signed summons issued in ST26CV0568 and in the official online court docket for that action, constituting commercial use of a colorable imitation on official court instruments maintained in the public record;

d) **"Austin, William"** — used by Defendant Zarate as the party identifier on the official clerk-signed Summons issued in ST26CV0568 (Exhibit I) and on the case filing form, constituting commercial use of a colorable imitation on official court instruments maintained in the public record.

e) The form in which Owner's Servicemark appears in the Bill of Sale or portfolio transfer instrument through which Defendant CCS acquired the Synchrony Bank account is presently unknown and shall be established through discovery; any such derivative form constitutes an additional colorable imitation subject to this Count.

**28.** The use of these unauthorized derivative variations across multiple Defendants, instruments, and commercial contexts — each applied in connection with the sale or distribution of goods or services and each committed with actual or constructive knowledge of Owner's registration — independently and collectively creates: (i) a likelihood of confusion as to the affiliation, connection, or association of each Defendant with Owner under **15 U.S.C. § 1125(a)(1)(A)** and **O.C.G.A. § 10-1-372**; and (ii) civil liability for liquidated damages under **O.C.G.A. § 10-1-450** ($10,000.00 per violation, per Defendant, per instrument) and treble enhancement of up to three times actual damages and disgorged profits under **15 U.S.C. § 1117(a)** upon proof of willful infringement..

## B. THE UNAUTHORIZED COMMERCIAL SALE AND TRANSFER

**29.** On or about July 22, 2024, Plaintiff entered into a private bilateral financial credit agreement with Defendant Synchrony Bank, resulting in the opening of a CareCredit account. That private agreement does not constitute infringement and does not grant Synchrony Bank any rights or license to commercially exploit Plaintiff's registered Servicemark or any derivative form thereof. The infringement arises from Synchrony Bank's subsequent unauthorized commercial exploitation of Owner's Mark beyond the scope of that private agreement.

**30.** On or about April 12, 2025, Defendant Synchrony Bank — acting within the corporate structure and for the financial benefit of its parent Defendant Synchrony Financial — commercially sold a portfolio of accounts to Defendant CCS. The sale was executed "without recourse," meaning CCS assumed all

risk associated with the acquired accounts at the time of purchase, including all Servicemark complications, and cannot claim innocent purchaser status. The Bill of Sale and associated portfolio transfer instruments commercially identified Plaintiff's account using a derivative designation of Plaintiff's registered Servicemark **WILLIAM ALAN AUSTIN℠**, without any license agreement with the Owner. That unauthorized commercial use in a transfer instrument constitutes an independent act of Servicemark infringement, separate and apart from any subsequent acts alleged herein. A true and correct copy of the Bill of Sale styled "Credit Corp (SFFSCPFS) — PSCC Fresh — April 2025," executed April 28, 2025 (DocuSign Envelope ID: 596BEFE8-0939-4BFD-B452-FC05FACB84A1), by and between Synchrony Bank (Seller) and Credit Corp Solutions, Inc. (Buyer), confirms the commercial sale of the portfolio — including Plaintiff's Mark-identified account — with a Transfer Date of April 12, 2025, for an aggregate Sale Balance of $39,717,158.49, filed by Defendant Willison as an exhibit in ST26CV0568 and constituting an official court record subject to judicial notice under **Fed. R. Evid. 201(b)(2)**. Refer to Exhibit G.

## C. THE STATE COURT ACTION AND SERVICE OF PROCESS

**31.** On June 22, 2026, CCS, through Defendants Willison and Pollack & Rosen, P.C., filed Civil Action No. ST26CV0568 in the State Court of Athens-Clarke County, Georgia, styled **CREDIT CORP SOLUTIONS, INC. A/A/O SYNCHRONY BANK v. WILLIAM AUSTIN** — an unauthorized derivative of Owner's registered Servicemark — without Owner's authorization or a valid Servicemark License Agreement, in violation of **O.C.G.A. § 10-1-451** and **15 U.S.C. § 1114**. Upon filing, Defendant ACC collected filing fees and court costs in connection with ST26CV0568 and deposited those funds into an interest-bearing trust account pursuant to **O.C.G.A. §§ 15-7-49** and **15-6-76.1**. Those funds, and all interest accruing thereon, constitute commercial revenues generated through the unauthorized exploitation of Owner's registered Servicemark and are subject to disgorgement.

**32.** On June 22, 2026 — fifty-five (55) days after constructive notice of Owner's exclusive rights was established on April 28, 2026 — Defendant Zarate issued and personally signed a Summons bearing

"AUSTIN, WILLIAM," an unauthorized derivative of Owner's registered Servicemark, in her capacity as Clerk of the State Court of Athens-Clarke County. The Summons constitutes a court-issued commercial instrument bearing an unauthorized derivative of Owner's registered Servicemark, distributed through the court's official records system without Owner's authorization.

**33.** CCS commercially contracted Defendant Provest Litigation Services LLC, through the Law Offices of Pollack & Rosen, P.C., to arrange and transmit service of process documents bearing the derivative designation "WILLIAM AUSTIN" in ST26CV0568. Provest operates as a for-profit commercial process serving company that charges fees for its services, generating commercial revenue through the processing and transmission of Mark-bearing service of process documents. Provest in turn commercially contracted with the Athens-Clarke County Sheriff's Department to physically execute service of process. On July 15–16, 2026 — seventy-eight (78) days after constructive notice of Owner's exclusive rights was established on April 28, 2026 — Athens-Clarke County Sheriff's Department Deputy Badge No. 6782 executed and filed a sworn public instrument bearing Owner's registered Servicemark name, constituting a separately actionable unauthorized commercial use. The fees collected by Defendant Provest and the Athens-Clarke County Sheriff's Department in connection with service of process in ST26CV0568 constitute commercial revenues generated through the unauthorized exploitation of Owner's registered Servicemark and are subject to disgorgement.

## D. NOTICE OF SERVICEMARK INFRINGEMENT AND NON-COMPLIANCE

**34.** On August 1, 2026, Owner served formal Notices of Servicemark Infringement upon Defendants Auslander, Zarate, and Willison by USPS Registered Mail, confirmed delivered August 6, 2026. On August 4, 2026, Owner served formal Notices of Servicemark Infringement upon Defendants Beregi, Doubles, Leroy, and Sheriff Williams by USPS Certified Mail, confirmed delivered August 7, 2026. Owner additionally served Ultra Vires Notices upon Defendants Auslander and Zarate, specifically identifying their ministerial commercial acts as exceeding the lawful authority of their respective offices and as carrying no immunity protection under ***Forrester v. White, 484 U.S. 219 (1988)*** and

**O.C.G.A. § 10-1-451(b)** and **15 U.S.C. § 1122(b)**. Delivery of the Ultra Vires Notices was confirmed by USPS return receipt on August 25, 2026. Eleven (11) separate notarized Certificates of Service confirmed service upon each individual Defendant named above. Refer to Exhibit H.

**35.** On August 18, 2026 — twelve (12) days after confirmed actual written notice of Owner's exclusive rights on August 6, 2026 — Defendant Zarate docketed private correspondence as a public court filing, creating a new unauthorized public record bearing Owner's registered Servicemark beyond what any party's filing required, necessitating Owner's filing of a Notice of Clarification on August 19, 2026.

**36.** On September 14, 2026 — thirty-nine (39) days after confirmed actual written notice on August 6, 2026, and after Owner had already filed a Notice of Clarification on August 19, 2026 correcting Defendant Zarate's first erroneous docketing — Defendant Zarate again docketed private correspondence as a public court filing in ST26CV0568. The correspondence bore the following express designation on its face in bold red text, prominently displayed at the top of the first page: "PRIVATE NOTICE — NOT TO BE FILED IN ANY COURT CASE OR PUBLIC RECORD." This second instance of unauthorized docketing constitutes a separately actionable willful infringement event and establishes a pattern of conduct by Defendant Zarate individually, acting beyond the lawful authority of her office under Dillon's Rule and carrying no immunity protection under ***Forrester v. White, 484 U.S. 219 (1988)*** and **O.C.G.A. § 10-1-451(b)** and **15 U.S.C. § 1122(b)**. Owner filed a Second Notice of Clarification on September 15, 2026.

**37.** The Notices of Infringement expressly stated they constituted the only pre-escalation notice Owner was required to provide and established a thirty (30) day response period. That period expired September 5–6, 2026. No named Defendant provided any written response or took any documented corrective action. Non-compliance is confirmed. Every continued use of Owner's Servicemark after confirmed actual notice constitutes willful infringement under **O.C.G.A. § 10-1-451** and **15 U.S.C. § 1117(a)**.

**38.** The Notice to Principal is Notice to Agent doctrine was expressly declared on the face of each Notice of Servicemark Infringement. Confirmed delivery to any named Defendant therefore constitutes actual and constructive notice to all officers, directors, employees, agents, attorneys, successors, and affiliated entities of that Defendant as of the date of confirmed delivery: confirmed delivery to Defendant Auslander on August 6, 2026 constitutes notice to all personnel of the State Court of Athens-Clarke County; confirmed delivery to Defendant Zarate on August 6, 2026 constitutes notice to all Clerk's Office personnel; confirmed delivery to Defendant Willison on August 6, 2026 constitutes notice to Defendant Pollack & Rosen, P.C. and all their officers and agents; confirmed delivery to Defendant Beregi on August 7, 2026 constitutes notice to Defendant CCS and all CCS officers and agents; confirmed delivery to Defendant Doubles on August 7, 2026 constitutes notice to Defendants Synchrony Financial and Synchrony Bank and all Synchrony officers and agents; confirmed delivery to Defendant Leroy on August 7, 2026 constitutes notice to Defendant Provest and all Provest officers and agents; and confirmed delivery to Defendant Sheriff Williams on August 7, 2026 constitutes notice to all officers, deputies, employees, and agents of the Athens-Clarke County Sheriff's Department.

## IV. CAUSES OF ACTION

### COUNT I

### Servicemark Infringement

### O.C.G.A. § 10-1-451 and 15 U.S.C. § 1114

**39.** Plaintiff incorporates by reference all preceding paragraphs.

**40.** Plaintiff is the registered owner of Servicemark **WILLIAM ALAN AUSTIN**$^{SM}$, **Georgia Registration No. S-33096**. All Defendants, individually and through their agents, officers, and representatives acting in their official capacities, have used and continue to use the Mark in commerce in connection with financial services activities without Owner's consent and without a valid Servicemark License Agreement, in violation of **O.C.G.A. § 10-1-451** and **15 U.S.C. § 1114**.

Such use is likely to cause confusion, mistake, or deception as to the source, sponsorship, or authorization of Defendants' activities.

**41.** Liability under **O.C.G.A. § 10-1-451** and **15 U.S.C. § 1114(1)** does not require proof of intent; the unauthorized commercial use of a registered mark in commerce is independently actionable regardless of the infringer's purpose or knowledge.

## COUNT II

## Unfair Competition and False Designation of Origin

## O.C.G.A. § 10-1-451 and 15 U.S.C. § 1125(a)

**42.** Plaintiff incorporates by reference all preceding paragraphs.

**43.** Defendants' unauthorized use of the Mark in commerce without a valid Servicemark License Agreement falsely designates the origin of their activities and constitutes unfair competition in violation of **O.C.G.A. § 10-1-451** and **15 U.S.C. § 1125(a)**, as such use falsely implies authorization, endorsement, or affiliation by Owner.

## COUNT III

## Willful Infringement — Post-Notice Continuing Commercial Exploitation

## Enumeration of Discrete Infringement Events and Per-Event Damages

## O.C.G.A. §§ 10-1-450, 10-1-451 | 15 U.S.C. §§ 1114, 1117(a)

**44.** Plaintiff incorporates by reference all preceding paragraphs.

**45.** As established in Section III.D above, confirmed actual written notice of Owner's exclusive registered rights in Servicemark **WILLIAM ALAN AUSTIN℠**, Georgia **Registration No. S-33096**, was delivered to and confirmed received by each named Defendant on the following dates:

**a)** Defendants Auslander, Zarate, and Willison: August 6, 2026;

**b)** Defendants CCS, Beregi, Synchrony Financial, Synchrony Bank, Doubles, and Leroy: August 7, 2026;

**c)** Defendant Pollack & Rosen, P.C.: August 6, 2026, by operation of the Notice to Principal is Notice to Agent doctrine upon confirmed delivery to Defendant Willison;

**d)** Defendant Athens-Clarke County Unified Government: September 10, 2026, upon confirmed direct service upon Mayor Dexter Fisher.

**46.** Notwithstanding confirmed actual written notice of Owner's exclusive rights, each Defendant continued — and as of the date of filing this Complaint continues — to use, maintain, transmit, display, or commercially exploit Owner's registered Servicemark or unauthorized derivatives thereof in commerce without Owner's authorization. Each such continued use constitutes an independent, separately accruing willful infringement event under **O.C.G.A. § 10-1-451** and **15 U.S.C. §§ 1114** and **1117(a)**. The following paragraphs enumerate the confirmed discrete post-notice infringement events attributable to each Defendant.

**<u>Defendant CCS, and Individually Defendant Beregi</u>**

**47.** Post-notice infringement events — Notice Date August 7, 2026:

**a)** Continuing prosecution of ST26CV0568 on CCS's behalf from August 7, 2026 through the date of filing — each calendar day a separate, independently accruing willful infringement event.

**b)** Defendant Beregi (CEO and President) individually authorized, directed, or failed to halt the foregoing prosecution after August 7, 2026, bearing individual personal liability independently of CCS's corporate liability.

**<u>Defendants Willison and Pollack & Rosen, P.C.</u>**

**48.** Post-notice infringement events — Notice Date August 6, 2026:

**a)** Each pleading, motion, filing, and instrument submitted in ST26CV0568 after August 6, 2026 bearing Owner's Servicemark constitutes a separate willful infringement event; exact count to be established through docket and discovery.

b) Each billing entry and legal fee collected for work in ST26CV0568 after August 6, 2026 constitutes commercial revenue from willful infringement subject to full disgorgement under **O.C.G.A. § 10-1-451(b)** and **15 U.S.C. § 1117(a)**; amounts to be established through forensic accounting.

c) As the Active Moving Force attorney, Defendant Willison bears individual personal liability for each post-notice act under **O.C.G.A. § 10-1-372** and **15 U.S.C. § 1125(a)**; Pollack & Rosen, P.C. bears institutional liability under respondeat superior.

**Defendants Synchrony Financial, Synchrony Bank, and Doubles**

**49.** Post-notice infringement events — Notice Date August 7, 2026:

a) Continued appearance as "A/A/O SYNCHRONY BANK" in the ST26CV0568 caption after August 7, 2026 without corrective action — each day a separate continuing willful infringement event.

b) Defendant Doubles (CEO) individually failed to take corrective action within the thirty (30) day response period expiring September 6, 2026.

**Defendant Auslander**

**50.** Post-notice infringement events — Notice Date August 6, 2026:

a) Continued presiding over ST26CV0568 after August 6, 2026 — each order entered and docket action taken constitutes a ministerial commercial act after confirmed written notice, for which no judicial immunity exists under ***Forrester v. White, 484 U.S. 219 (1988)***; ***Mireles v. Waco, 502 U.S. 9 (1991)***; and **O.C.G.A. § 10-1-451(b)**, which subjects any person including any governmental entity to servicemark infringement liability, and **15 U.S.C. § 1122(b)**, which effects a statutory waiver of Eleventh Amendment immunity for Lanham Act violations.

b) Ultra Vires Notice confirmed delivered August 25, 2026 — continued presiding after that date constitutes a second independently confirmed notice layer establishing an aggravated willfulness record.

## Defendant Zarate

**51.** Post-notice infringement events — Notice Date August 6, 2026:

**a)** Event No. 1 — August 18, 2026: erroneous docketing of private correspondence as a public filing in ST26CV0568, creating an unauthorized public record bearing Owner's Servicemark (twelve days post-notice)

**b)** Event No. 2 — September 14, 2026: erroneous docketing of correspondence expressly marked on its face "PRIVATE NOTICE -- NOT TO BE FILED IN ANY COURT CASE OR PUBLIC RECORD," committed thirty-nine days post-notice and after Owner's August 19, 2026 correction of Event No. 1 — egregious willful infringement warranting maximum enhancement under **O.C.G.A. § 10-1-451(b)** and **15 U.S.C. § 1117(a).**

**c)** Continuing daily display — each calendar day the ST26CV0568 docket has been publicly accessible after August 6, 2026 constitutes a separate willful infringement event; total days to be calculated through the date of final judgment.

**d)** Ultra Vires Notice confirmed delivered August 25, 2026 — continued acting in her official capacity after that date constitutes a second independently confirmed notice layer establishing an aggravated willfulness record.

## Defendant Athens-Clarke County Unified Government

**52.** Post-notice infringement events — Notice Date September 10, 2026: From September 10, 2026 through the date of filing, Defendant ACC has taken no corrective action and continues to maintain and make publicly accessible the ST26CV0568 docket bearing Owner's registered Servicemark — each calendar day a continuing willful infringement event for which Defendant ACC bears no sovereign immunity protection under ***Lincoln County v. Luning, 133 U.S. 529 (1888)***; ***Mt. Healthy City School District v. Doyle, 429 U.S. 274 (1977)*** (political subdivisions not entitled to Eleventh Amendment immunity); and **O.C.G.A. § 10-1-451(b)**, which subjects any person including any

governmental entity to servicemark infringement liability, and **15 U.S.C. § 1122(b)**, which effects a statutory waiver of Eleventh Amendment immunity for Lanham Act violations.

## Quantification Framework — Per-Event and Continuing Damages

**53.** Plaintiff seeks the following remedies under **O.C.G.A. § 10-1-451(b)** and **15 U.S.C. § 1117(a)** on a per-event and continuing-violation basis:

**a)** Each Defendant's profits from exploitation of Owner's Servicemark, calculated separately by Defendant, to be established through forensic accounting and discovery.

**b)** For Defendant CCS: disgorgeable profits equal the face value collected in ST26CV0568 less CCS's fractional acquisition cost for Owner's account — a profit margin estimated to exceed acquisition cost by a multiple of ten or more — plus all legal fees paid to Pollack & Rosen, P.C. after August 6, 2026.

**c)** For Defendants Pollack & Rosen, P.C. and Willison: all legal fees billed and collected for ST26CV0568 work after August 6, 2026, subject to disgorgement.

**d)** Treble enhancement up to three times profits and damages under **O.C.G.A. § 10-1-451(b)** and **15 U.S.C. § 1117(a)** as to each Defendant — maximum enhancement warranted for Defendant Zarate's September 14, 2026 docketing of expressly restricted correspondence after the response period closed.

**e)** Plaintiff's actual damages — costs and expenses incurred investigating, documenting, and responding to each Defendant's infringement — to be established through evidence.

**f)** Attorney's fees and costs under **O.C.G.A. § 10-1-451(b)** and **15 U.S.C. § 1117(a)**, this being an exceptional case of documented willful infringement by multiple defendants after actual written notice.

**g)** Total discrete post-notice infringement events to be established through discovery, forensic accounting, and day-count calculation from each Defendant's Notice Date through final judgment;

Plaintiff reserves the right to seek per-event maximum damages under **O.C.G.A. § 10-1-451(b)** and **15 U.S.C. § 1117(a).**

**h)** Georgia liquidated damages under **O.C.G.A. § 10-1-450** — $10,000.00 per violation, assessed separately as to each Defendant for each instrument, filing, or commercial transmission bearing a colorable imitation of Owner's registered Servicemark with knowledge of registration and without Owner's consent; total to be calculated per Defendant through discovery and day-count, subject to election in lieu of actual damages.

## COUNT IV

### Active Moving Force — Individual Attorney Liability

### O.C.G.A. § 10-1-451 and 15 U.S.C. § 1125(a)

**54.** Plaintiff incorporates by reference all preceding paragraphs.

**55.** Defendants Willison and Pollack & Rosen, P.C. are the Active Moving Force directing the unauthorized commercial exploitation of Owner's registered Servicemark in judicial proceedings in Case No. ST26CV0568 in the State Court of Athens-Clarke County. Under the "any person" standard of **O.C.G.A. § 10-1-451** and **15 U.S.C. § 1125(a)**, attorneys who personally direct infringing commercial activity bear individual personal liability for that infringement, independently of and in addition to their client's liability. Confirmed delivery of the Notice of Servicemark Infringement to Defendant Willison on August 6, 2026 constitutes actual notice to Defendant Pollack & Rosen, P.C. as of that same date under the Notice to Principal is Notice to Agent doctrine. Every instrument filed or directed to be filed by Defendants Willison or Pollack & Rosen, P.C. in Case No. ST26CV0568 after August 6, 2026 bearing Owner's Servicemark name or any unauthorized derivative thereof constitutes a separate, independent, and individually accruing willful infringement event.

## COUNT V

## Individual Corporate Officer Liability

## O.C.G.A. § 10-1-451 and 15 U.S.C. §§ 1114 and 1117(a)

**56.** Plaintiff incorporates by reference all preceding paragraphs.

**57.** Defendants Beregi, Doubles, and Leroy each participated in the unauthorized commercial exploitation of Owner's Servicemark in their respective capacities as corporate officers. Individual personal liability attaches to corporate officers who participate in trademark infringement after actual notice, independently of the corporate entity's liability, under **O.C.G.A. § 10-1-451** and **15 U.S.C. §§ 1114** and **1117(a).**

## COUNT VI

## Disgorgement of Unjust Enrichment

## O.C.G.A. § 10-1-451 and 15 U.S.C. § 1117(a)

**58.** Plaintiff incorporates by reference all preceding paragraphs.

**59.** All Defendants have been unjustly enriched through the unauthorized commercial exploitation of Owner's Servicemark, including without limitation: all legal fees, compensation, and financial returns received in connection with the State Court Action; all proceeds received from the unauthorized commercial transfer of the Mark-identified account on April 12, 2025; and all revenues generated through the commercial distribution of Mark-bearing data through litigation support networks and data chains; and all interest accrued in any trust or escrow account holding funds associated with the unauthorized commercial exploitation of the Servicemark. Plaintiff is entitled to full disgorgement of all such financial benefits under **O.C.G.A. § 10-1-451** and **15 U.S.C. § 1117(a)**.

## COUNT VII

## Georgia Trademark Infringement by Governmental Entities

## Liability of Governmental Defendants — Immunity Waived

## O.C.G.A. § 10-1-451(b) | 15 U.S.C. § 1122(b)

## Defendants Auslander, Zarate, Williams, and Athens-Clarke County Unified Government

**60.** Plaintiff incorporates by reference all preceding paragraphs.

**61.** This Count is directed solely against Defendants Charles E. Auslander III, Elisa Zarate, John Q. Williams, and Athens-Clarke County Unified Government (collectively, the "Governmental Defendants"), each of whom is a governmental entity, officer, or employee of a State or instrumentality of a State, and each of whom has engaged in the unauthorized commercial use of Plaintiff's registered Servicemark **WILLIAM ALAN AUSTIN℠**, **Georgia Registration No. S-33096**, without Plaintiff's authorization and without a valid Servicemark License Agreement.

**62.** Each Governmental Defendant is subject to liability under **O.C.G.A. § 10-1-451(b)**, which expressly provides that the remedies available to any person injured by trademark infringement apply against governmental entities, including political subdivisions, as fully as against private persons. Liquidated damages of $10,000 per infringing act are available under **O.C.G.A. § 10-1-450**.

**63.** Georgia has waived Eleventh Amendment immunity for Lanham Act claims under **15 U.S.C. § 1122(b)**, which expressly names "a State, instrumentality of a State, officer or employee of a State or instrumentality of a State acting in their official capacity." This waiver is categorical, voluntary, and not subject to the abrogation analysis of ***College Savings Bank v. Florida Prepaid, 527 U.S. 666 (1999).***

**64.** Under Dillon's Rule, political subdivisions possess only powers the State expressly grants. ***McKinney v. Pate, 20 F.3d 1550 (11th Cir. 1994)***. The State of Georgia certified Plaintiff's servicemark rights effective April 28, 2026; no State authority exists to authorize governmental instrumentalities to violate those same certified rights. ***Forrester v. White, 484 U.S. 219 (1988)***. Any act of infringement by a Governmental Defendant is therefore ultra vires and not entitled to immunity protection.

**65.** Suits against Defendants Auslander, Zarate, and Williams in their individual capacities are not barred by any immunity doctrine. Additionally, prospective injunctive relief against each in their official capacities is available under ***Ex parte Young, 209 U.S. 123 (1908)***, regardless of any immunity analysis.

**66.** In summary, no immunity defense is available to any Governmental Defendant under any applicable doctrine, for four independent and cumulative reasons: **(i) O.C.G.A. § 10-1-451(b)** expressly subjects all governmental entities to liability for Georgia trademark infringement with no immunity carve-out; **(ii) 15 U.S.C. § 1122(b)** operates as a voluntary statutory waiver of all sovereign and Eleventh Amendment immunity for Lanham Act claims against any State, instrumentality of a State, or officer or employee of a State acting in official capacity; **(iii)** each Governmental Defendant's conduct constitutes ultra vires acts that exceed the authority granted by the State and therefore fall outside the protection of any immunity doctrine; and **(iv)** each individual Governmental Defendant is sued in personal capacity and is subject to prospective injunctive relief under ***Ex parte Young***. Any one of these four grounds is independently sufficient to sustain this Court's jurisdiction over each Governmental Defendant. All four grounds apply concurrently.

**67.** Each Governmental Defendant committed the following specific acts of unauthorized commercial use of Plaintiff's registered Servicemark, each constituting a separately actionable infringement event under **O.C.G.A. §§ 10-1-451(b)** and **10-1-450** and **15 U.S.C. §§ 1114(1)** and **1125(a)**, for which liquidated damages of $10,000.00 per act are available under **O.C.G.A. § 10-1-450**:

**a)** Defendant Auslander: continued presiding over ST26CV0568 after confirmed actual written notice on August 6, 2026, including each order entered and each docket action taken after that date, each constituting a separate infringement event; receipt of Ultra Vires Notice confirmed August 25, 2026 establishing a second confirmed notice layer.

**b)** Defendant Zarate: (1) issuance of Summons bearing "AUSTIN, WILLIAM" on June 22, 2026; (2) erroneous docketing of private correspondence as a public filing on August 18, 2026; (3) erroneous docketing of correspondence expressly designated "PRIVATE NOTICE — NOT TO BE FILED

IN ANY COURT CASE OR PUBLIC RECORD" on September 14, 2026; and (4) continued daily maintenance of the publicly accessible online docket bearing Plaintiff's registered Servicemark name after actual notice.

**c)** Defendant Williams: execution and filing of the Sheriff's Return of Service bearing "WILLIAM AUSTIN" on July 15-16, 2026, through Defendant Provest Litigation Services LLC as a for-profit commercial engagement; and continued failure to take corrective action after actual written notice confirmed August 7, 2026.

**d)** Defendant Athens-Clarke County Unified Government: continued maintenance and public accessibility of all court records in ST26CV0568 bearing Plaintiff's registered Servicemark as the named party identifier after confirmed direct written notice upon Mayor Dexter Fisher on September 10, 2026; failure to take any corrective administrative action.

**68.** Plaintiff requests the following relief against Governmental Defendants: **(a)** a permanent injunction prohibiting further unauthorized use of Plaintiff's registered Servicemark **WILLIAM ALAN AUSTIN℠**; **(b)** liquidated damages of $10,000 per infringing act under **O.C.G.A. § 10-1-450**; **(c)** disgorgement of all fees, costs, and revenues associated with unauthorized use, including court filing fees and trust account interest; **(d)** treble damages for willful infringement and attorneys' fees and costs pursuant to **O.C.G.A. § 10-1-451(b)** and **15 U.S.C. § 1117(a)**.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff William-Alan Austin respectfully prays that this Court enter judgment against all Defendants, jointly and severally where appropriate, as follows:

**A.** A permanent injunction pursuant to **O.C.G.A. § 10-1-451** and **O.C.G.A. § 10-1-451(a)** and **15 U.S.C. § 1116** ordering all Defendants to immediately and permanently cease all unauthorized use of Servicemark WILLIAM ALAN AUSTIN℠, **Georgia Registration No. S-33096**, and all imitations, derivatives, truncations, inversions, and variations thereof that are likely to cause confusion as to the source, sponsorship, or authorization of any commercial activity, in any instrument, record,

proceeding, database, communication, or commercial activity, absent a fully executed Servicemark License Agreement with Plaintiff;

**B.** A mandatory injunction ordering all Defendants to immediately issue written directives to all third-party agencies, organizations, and databases to which Mark-bearing data has been transmitted, directing immediate removal, expungement, suppression, or correction of all such data;

**C.** An order for a complete forensic accounting, conducted by a certified forensic accountant and adhering to Generally Accepted Accounting Principles (GAAP), of all financial returns, proceeds, compensation, legal fees, commercial revenues, and benefits obtained by each Defendant through the unauthorized commercial exploitation of Owner's registered Servicemark, including without limitation: all legal fees billed and collected by Defendants Pollack & Rosen, P.C. and Willison in connection with State Court Action No. ST26CV0568 after August 6, 2026; all commercial fees collected by Defendant Provest and the Athens-Clarke County Sheriff's Department in connection with service of process bearing Owner's Servicemark; all filing fees and court costs collected and deposited in interest-bearing trust accounts by the State Court of Athens-Clarke County in connection with Case No. ST26CV0568 pursuant to **O.C.G.A. §§ 15-7-49** and **15-6-76.1**, together with all interest accrued thereon; and all proceeds and revenues generated through the unauthorized commercial sale and transfer of Owner's Mark-identified account;

**D.** Full disgorgement of all profits and financial benefits obtained through the unauthorized commercial exploitation of Owner's Servicemark, under **O.C.G.A. § 10-1-451** and **15 U.S.C. § 1117(a)**;

**E.** Actual damages suffered by Plaintiff as a result of each Defendant's unauthorized commercial acquisition, transmission, conveyance, processing, distribution, and exploitation of data, documents, and instruments bearing Plaintiff's registered Servicemark for profit, pursuant to **O.C.G.A. § 10-1-451** and **15 U.S.C. § 1117(a)**, together with treble damages of up to three times the amount of actual damages and profits found by the trier of fact, based on each Defendant's willful infringement after confirmed actual written notice of Plaintiff's exclusive rights, pursuant to **O.C.G.A. § 10-1-451** and **15 U.S.C. § 1117(a)**;

**F.** Attorneys' fees and all costs of this action pursuant to **O.C.G.A. § 10-1-451** and **15 U.S.C. § 1117(a)**, this being an exceptional case of willful infringement after confirmed actual written notice, including the reasonable value of all legal work performed by Plaintiff in connection with this action and all out-of-pocket costs incurred in the investigation, documentation, and prosecution of Plaintiff's Servicemark rights;

**G.** Pre-judgment and post-judgment interest at the maximum legal rate; and

**H.** Such other and further relief as this Court deems just and proper.

## VI. TRIAL BY JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

bi: William Alan Austin
========================

**William-Alan Austin**
Owner, Servicemark WILLIAM ALAN AUSTIN℠
**Georgia Registration No. S-33096**
Appearing Specially and Pro Se
1090 Experiment Station Road, Unit #662
Watkinsville, Georgia [30677-9998]

---

## VERIFICATION

I, William-Alan Austin, declare under penalty of perjury under the laws of the United States of America, and additionally under my unlimited commercial liability and full reservation of rights, that I am the Plaintiff in the above-captioned action, that I have read the foregoing Complaint, and that the facts stated therein are true and correct to the best of my knowledge, information, and belief.

Executed on this 21st day of October, 2026.

bi: William Alan Austin
========================

William-Alan Austin