**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

---

William-Alan Austin,
Owner, Servicemark WILLIAM ALAN AUSTIN℠,

Plaintiff,

**v.** Civil Action No.: 3:26-CV-00158-TES

CREDIT CORP SOLUTIONS, INC., a Utah corporation;
SYNCHRONY FINANCIAL, a Delaware corporation;
SYNCHRONY BANK, a federally chartered savings association;
POLLACK & ROSEN, P.C., a Georgia professional corporation;
PROVEST LITIGATION SERVICES LLC, a Florida limited liability company;
JEFF WILLISON, ESQ., individually;
THOMAS BEREGI, individually;
BRIAN D. DOUBLES, individually;
MICHAEL J. LEROY, individually;
CHARLES E. AUSLANDER III, individually and in his official capacity as Judge, State Court of Athens-Clarke County;
ELISA ZARATE, individually and in her official capacity as Clerk of Court, State Court of Athens-Clarke County;
ATHENS-CLARKE COUNTY UNIFIED GOVERNMENT, a political subdivision of the State of Georgia;
JOHN Q. WILLIAMS, individually and in his official capacity as Sheriff of Athens-Clarke County

Defendants.

---

# PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

## JURY TRIAL DEMANDED ON ALL ISSUES SO TRIABLE

---

Plaintiff William-Alan Austin, Owner of registered Servicemark **WILLIAM ALAN AUSTIN℠**, Georgia Servicemark **Registration No. S-33096**, respectfully moves this Court pursuant to **Federal Rule of Civil Procedure 65** and **15 U.S.C. § 1116** for a Preliminary Injunction enjoining all Defendants, their officers, agents, employees, attorneys, successors, and all persons acting in concert with them, from continuing to commercially exploit Plaintiff's registered Servicemark without authorization pending the resolution of this action. Plaintiff satisfies all four factors required for preliminary injunctive relief under ***eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388 (2006)***.

## I. INTRODUCTION AND BACKGROUND

Plaintiff is the registered Owner of Servicemark WILLIAM ALAN AUSTIN℠, Georgia Servicemark **Registration N**o. **S-33096**, in use in commerce since March 11, 1958 — before the events giving rise to this action. All thirteen Defendants, individually and through their agents, officers, and representatives acting in their official capacities, have used and continue to use Plaintiff's registered Servicemark without authorization in connection with financial services, legal services, process serving, court administration, and related commercial activities.

Formal written Notices of Servicemark Infringement were served directly upon seven (7) individual Defendants — Auslander, Zarate, and Willison on August 1, 2026 (delivery confirmed August 6, 2026), and Beregi, Doubles, Leroy, and Sheriff Williams on August 4, 2026 (delivery confirmed August 7, 2026) — as established by eleven (11) notarized Certificates of Service (See Exhibit H). Six (6) entity Defendants — Credit Corp Solutions, Inc.; Synchrony Financial; Synchrony Bank; Pollack & Rosen, P.C.; Provest Litigation Services LLC; and Athens-Clarke County Unified Government — received constructive notice through their respective executives, officers, or agents who were directly served, pursuant to the Notice to Principal is Notice to Agent doctrine ("Notice to Principal is Notice to Agent; Notice to Agent is Notice to Principal"). The thirty (30) day response period expired September 5-6, 2026 without compliance from any

named Defendant. Every act of infringement committed after August 6-7, 2026 is willful as a matter of confirmed and documented fact. As of September 14, 2026, the State Court of Athens-Clarke County online public docket in Case No. ST26CV0568 — bearing Plaintiff's Servicemark name as the designated defendant party identifier — remains publicly accessible, constituting continuing daily infringement accruing against each Defendant individually.

## II. LEGAL STANDARD

A plaintiff seeking a preliminary injunction must establish: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the plaintiff's favor; and (4) that an injunction is in the public interest. ***eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006)***. In Lanham Act cases, **15 U.S.C. § 1116(a)** specifically authorizes district courts to grant injunctive relief "according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any exclusive right of the registrant of a mark." Plaintiff satisfies each factor.

## III. ARGUMENT

### A. Plaintiff Is Likely to Succeed on the Merits

Plaintiff's likelihood of success on the merits is exceptionally strong. Plaintiff holds Georgia Servicemark **Registration No. S-33096** — a government-issued certificate of exclusive rights whose "validity of the registered mark" is presumed under **15 U.S.C. § 1115(a)**. Registration constitutes constructive notice to all persons under **O.C.G.A. § 10-1-452** effective April 28, 2026. Plaintiff's first use in commerce dates to March 11, 1958, establishing sixty-eight (68) years of priority over all Defendants under ***Planetary Motion, Inc. v. Techsplosion, Inc., 261 F.3d 1188 (11th Cir. 2001)***.

All thirteen Defendants, individually and through their agents, officers, and representatives acting in their official capacities, have used Plaintiff's registered Servicemark in commerce without authorization

and without a valid Servicemark License Agreement. The State Court docket confirms six (6) separately docketed instruments generated by Defendants and the court bearing the Mark — the Case Initiation Form, Complaint, and Summons filed June 22, 2026; the Sheriff's Return of Service filed July 16, 2026; the private correspondence "Notice of Typographical Correction" erroneously docketed by Defendant Zarate on August 18, 2026; and private correspondence bearing the express designation "PRIVATE NOTICE — NOT TO BE FILED IN ANY COURT CASE OR PUBLIC RECORD" erroneously docketed by Defendant Zarate on September 14, 2026 — all remaining publicly accessible as of September 14, 2026, one hundred thirty-nine (139) days after constructive notice and thirty-nine (39) days after confirmed actual written notice. Defendant Zarate's two separate erroneous docketing events — the second occurring after Owner had already filed a Notice of Clarification correcting the first instance — establish a documented pattern of deliberate egregious willful infringement. On September 10, 2026, Plaintiff served formal Notices of Non-Compliance and Confirmed Willful Infringement upon all named Defendants (Refer to Exhibit F), documenting each Defendant's confirmed failure to comply and formally establishing willful infringement as of that date. Confirmed non-compliance by all thirteen Defendants establishes willful infringement under **O.C.G.A. §§ 10-1-450** and **10-1-451** and **15 U.S.C. § 1117(a)** as a matter of documented fact. Plaintiff is highly likely to succeed on all counts.

Furthermore, as to Defendants Auslander, Zarate, and Sheriff Williams specifically, Plaintiff's likelihood of success is further supported by the doctrine of ultra vires conduct under Dillon's Rule. Under Georgia law, a political subdivision possesses only those powers expressly granted by the State. ***City of Atlanta v. McKinney, 265 Ga. 161 (1995); Betsill v. Glynn County, 268 Ga. 231 (1997)***. The State of Georgia has not granted the State Court of Athens-Clarke County, the Athens-Clarke County Sheriff's Department, or any of their officers the authority to commercially exploit a registered Georgia Servicemark in violation of the exclusive rights the State itself certified and published through the Georgia Secretary of State on April 28, 2026. The State cannot simultaneously certify Plaintiff's exclusive rights and authorize its own

instrumentalities to violate those very rights without Plaintiff's consent. Defendant Auslander's continued presiding over proceedings bearing Plaintiff's registered Servicemark after confirmed actual written notice, Defendant Zarate's continued processing, docketing, and public maintenance of records — including two (2) separate erroneous docketing events of private confidential documents on August 18, 2026 and September 14, 2026, the second bearing an express bold red designation prohibiting its filing in any court case or public record — bearing Plaintiff's registered Servicemark after confirmed actual written notice, and Defendant Sheriff Williams's continued execution and filing of sworn public instruments bearing Plaintiff's registered Servicemark through for-profit commercial process serving engagements, therefore exceed the lawful authority of their respective offices as defined and bounded by the State that created them. Their conduct is not merely tortious — it is ultra vires. No immunity doctrine shields ultra vires conduct. ***Forrester v. White, 484 U.S. 219 (1988)***, **O.C.G.A. § 10-1-451(b)** and **15 U.S.C. § 1122(b)**.

**B. Plaintiff Will Suffer Irreparable Harm Without Injunctive Relief**

Trademark infringement causes irreparable harm as a matter of law in the Eleventh Circuit, as the loss of control over a registered mark's commercial identity and the unauthorized association of the mark with infringing commercial activity are inherently difficult to quantify in monetary terms. See ***Tally-Ho, Inc. v. Coast Community College District, 889 F.2d 1018, 1029 (11th Cir. 1989)***. Plaintiff's specific irreparable harms include:

**a)** Every day Case No. ST26CV0568 remains on the public docket bearing Plaintiff's Servicemark name, the Mark is being commercially exploited in the court's public records system without authorization, reaching all persons who access the court's online records; and

**b)** Every day the Mark-identified account continues to be commercially exploited through unauthorized judicial and commercial proceedings, Plaintiff loses exclusive commercial control over the Mark's identity and commercial association; and

**c)** The unauthorized commercial use of Plaintiff's Mark in judicial proceedings dilutes its distinctiveness and causes harm to the Mark's commercial integrity that monetary damages alone cannot adequately remedy; and

**d)** Every day that passes without injunctive relief allows additional infringing instruments to be filed, docketed, and distributed in commerce under Plaintiff's Servicemark name, compounding the irreparable harm.

**C. The Balance of Equities Strongly Favors Plaintiff**

The balance of equities strongly favors Plaintiff. The harm to Plaintiff from denying injunctive relief is the continued daily unauthorized commercial exploitation of a registered Servicemark held since 1958, generating accruing treble damages of up to three times actual damages and profits under **15 U.S.C. § 1117(a)** against each Defendant individually. The harm to Defendants from granting the injunction is simply being required to cease conduct they were legally unauthorized to engage in. Courts consistently hold that defendants cannot claim hardship from being enjoined from infringing conduct. See ***Tally-Ho, Inc. v. Coast Community College District, 889 F.2d 1018, 1029 (11th Cir. 1989)***. Defendants had constructive notice of Plaintiff's exclusive rights since April 28, 2026 and actual written notice since August 6-7, 2026 — they have proceeded in the face of documented notice at their own risk. The equities weigh decisively in Plaintiff's favor.

**D. A Preliminary Injunction Serves the Public Interest**

The public interest strongly favors preliminary injunctive relief. The public has a recognized interest in: (a) the accurate commercial identification of Servicemark owners and the integrity of the Servicemark registration system; (b) ensuring that registered Servicemarks are used only with the authorization of their registered owners; (c) the proper administration of court records free from unauthorized commercial exploitation of registered intellectual property; and (d) deterring willful infringement of registered

Servicemarks after confirmed actual notice. All of these public interests are served by granting the requested preliminary injunction.

## IV. RELIEF REQUESTED

Plaintiff respectfully requests that this Court issue a Preliminary Injunction ordering all Defendants, their officers, agents, employees, servants, attorneys, successors, and all persons acting in concert or participation with them, to:

1. **IMMEDIATELY CEASE AND DESIST** all unauthorized commercial use of Plaintiff's registered Servicemark **WILLIAM ALAN AUSTIN℠, Georgia Registration No. S-33096,** and all colorable imitations, derivatives, truncations, inversions, and variations thereof, in any proceeding, instrument, database, record, or commercial activity;
2. **IMMEDIATELY PRESERVE AND SEGREGATE** all funds, proceeds, revenues, financial returns, fees, and interest generated through the unauthorized commercial exploitation of Plaintiff's registered Servicemark by each Defendant, and refrain from disbursing, transferring, or otherwise disposing of any such funds pending further Order of this Court;
3. **PROVIDE A COMPLETE FORENSIC ACCOUNTING** within thirty (30) days of this Order, conducted by a certified forensic accountant and adhering to Generally Accepted Accounting Principles (GAAP), of all revenues, profits, fees, and financial returns generated by each Defendant through the unauthorized commercial exploitation of Plaintiff's registered Servicemark in any instrument, proceeding, database, record, or commercial activity; and
4. DEPOSIT all such preserved funds with the Registry of this Court pursuant to **Fed. R. Civ. P. 67** and **28 U.S.C. § 2041** within thirty (30) days of this Order, together with a complete written accounting thereof.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Preliminary Injunction. Pursuant to **Fed. R. Civ. P. 65(c)**, Plaintiff respectfully requests that the Court exercise its discretion to set the security requirement at a nominal amount or waive it, as Plaintiff appears pro se, the relief sought preserves the status quo, and no monetary harm to any Defendant is likely to result from issuance of the requested injunction. A proposed Order is submitted herewith. Plaintiff's sworn Affidavit and Motion for Judicial Notice are filed simultaneously herewith in support of this Motion.

Respectfully submitted,

Executed on this **28th** day of **October**, 2026.

bi: William Alan Austin

**William-Alan Austin**
Owner, Servicemark WILLIAM ALAN AUSTIN℠
**Georgia Registration No. S-33096**
Appearing Specially and Pro Se
1090 Experiment Station Road, Unit #662
Watkinsville, Georgia [30677-9998]
waaustin@braxmail.net