**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

---

William-Alan Austin,
Owner, Servicemark WILLIAM ALAN AUSTIN℠,

Plaintiff,

**v.** Civil Action No.: 3:26-CV-00158-TES

CREDIT CORP SOLUTIONS, INC., a Utah corporation;
SYNCHRONY FINANCIAL, a Delaware corporation;
SYNCHRONY BANK, a federally chartered savings association;
POLLACK & ROSEN, P.C., a Georgia professional corporation;
PROVEST LITIGATION SERVICES LLC, a Florida limited liability company;
JEFF WILLISON, ESQ., individually;
THOMAS BEREGI, individually;
BRIAN D. DOUBLES, individually;
MICHAEL J. LEROY, individually;
CHARLES E. AUSLANDER III, individually and in his official capacity as Judge, State Court of Athens-Clarke County;
ELISA ZARATE, individually and in her official capacity as Clerk of Court, State Court of Athens-Clarke County;
ATHENS-CLARKE COUNTY UNIFIED GOVERNMENT, a political subdivision of the State of Georgia;
JOHN Q. WILLIAMS, individually and in his official capacity as Sheriff of Athens-Clarke County

Defendants.

---

# AFFIDAVIT OF WILLIAM-ALAN AUSTIN

## IN SUPPORT OF PLAINTIFF'S COMPLAINT FOR SERVICEMARK INFRINGEMENT, INJUNCTIVE RELIEF, DISGORGEMENT, AND DAMAGES

---

**STATE OF GEORGIA**

**COUNTY OF GWINNETT**

I, **William-Alan Austin**, being duly sworn and competent to testify, upon my personal knowledge, state the following:

**1.** My name is William-Alan Austin. I am a living individual domiciled in Oconee County, Georgia. I appear in this proceeding solely and exclusively in my capacity as the registered Owner of State of Georgia Servicemark **WILLIAM ALAN AUSTIN℠**, Georgia **Registration No. S-33096**, issued April 28, 2026 by the Georgia Secretary of State, Class 3 — Private Banking and Financial Services.

**2.** Affiant states that the registered Servicemark **WILLIAM ALAN AUSTIN℠** has been in continuous use in commerce since March 11, 1958 — sixty-eight (68) years before the events giving rise to this action. Under ***Planetary Motion, Inc. v. Techsplosion, Inc., 261 F.3d 1188 (11th Cir. 2001)***, common law Servicemark rights vest from the date of first use in commerce, and the April 28, 2026 Georgia registration relates back ***nunc pro tunc ab initio*** to March 11, 1958, establishing Plaintiff's priority over all Defendants.

**3.** Affiant states that on February 27, 2026, Affiant independently recorded the trade name "WILLIAM ALAN AUSTIN" with the Clerk of Superior Court of Oconee County, Georgia, pursuant to **O.C.G.A. § 10-1-490**. Said trade name was published in The Oconee Enterprise on March 12 and 19, 2026, providing a second independent publicly recorded instrument of Plaintiff's exclusive rights predating Georgia Servicemark **Registration No. S-33096** by sixty (60) days and predating all events giving rise to this action.

**4.** Affiant states that on April 28, 2026, the Georgia Secretary of State issued Servicemark **Registration No. S-33096** for the mark **WILLIAM ALAN AUSTIN℠**, Class 3 — Private Banking and Financial Services, in Affiant's name. Said registration constitutes constructive notice of Affiant's exclusive rights to all persons and entities under **O.C.G.A. § 10-1-452** effective April 28, 2026. The registration expires April 28, 2036.

**5.** Affiant states that on or about July 22, 2024, Affiant entered into a private bilateral financial credit agreement with Defendant Synchrony Bank, resulting in the opening of a CareCredit financial account. Defendant Synchrony Bank designated the account holder on its account statements as "WILLIAM A AUSTIN" — an unauthorized truncated derivative and colorable imitation of Affiant's registered Servicemark WILLIAM ALAN AUSTIN℠ — without Affiant's consent or authorization to use that derivative commercial designation. This private bilateral agreement was entered into by Affiant with full knowledge and consent and does not by itself constitute infringement of Affiant's registered Servicemark. The infringement arises from what Defendant Synchrony Bank subsequently did with Affiant's name beyond the scope of the private bilateral agreement — specifically, on or about April 12, 2025, Defendant Synchrony Bank, under the direction and financial authorization of Defendant Synchrony Financial, commercially sold the Mark-identified account to Defendant Credit Corp Solutions, Inc. ("CCS") as part of a bulk portfolio sale "without recourse," without Affiant's knowledge, consent, or authorization. The private credit agreement between Affiant and Synchrony Bank did not grant Synchrony Bank or Synchrony Financial any right, license, or authorization to commercially sell or transfer the Mark-identified account — and Affiant's name in any derivative form as its identifier — to any third party for profit. That unauthorized commercial sale is the first act of infringement. Because the transfer was "without recourse," Defendant CCS assumed all risk associated with the acquired account at the time of purchase, including all Servicemark complications, and cannot claim innocent purchaser status. A true and correct copy

of the Bill of Sale styled "Credit Corp (SFFSCPFS) – PSCC Fresh – April 2025," executed on April 28, 2025 (DocuSign Envelope ID: 596BEFE8-0939-4BFD-B452-FC05FACB84A1), by and between Synchrony Bank (Seller) and Credit Corp Solutions, Inc. ("Buyer"), confirms the commercial sale for profit of the portfolio, including Affiant's Mark-identified account, with a Transfer Date of April 12, 2025 for an aggregate Sale Balance of the accounts of $39,717,158.49. Filed by Defendant Jeff Willison, Esq. as an exhibit in an official court proceeding in the State Court of Athens-Clarke County, Georgia, this Bill of Sale constitutes an official court record subject to judicial notice under **Fed. R. Evid. 201(b)(2)** as a source whose accuracy cannot reasonably be questioned. Refer to Exhibit G.

**6.** Affiant states that on June 22, 2026, Defendant CCS, through Defendant Jeff Willison, Esq. (Georgia Bar No. 606983) of Defendant Pollack & Rosen, P.C., filed a civil complaint in the State Court of Athens-Clarke County, styled in all capital letters as: **CREDIT CORP SOLUTIONS, INC. A/A/O SYNCHRONY BANK V. WILLIAM AUSTIN**, Case No. ST26CV0568. The case caption itself uses "WILLIAM AUSTIN" — a further unauthorized truncated colorable derivative of Affiant's registered Servicemark WILLIAM ALAN AUSTIN℠ — as the named defendant party identifier. On the same date, Defendant Elisa Zarate, Clerk of the State Court of Athens-Clarke County, personally signed and issued a Summons bearing "AUSTIN, WILLIAM" — yet another unauthorized inverted colorable derivative of Affiant's registered Servicemark — fifty-five (55) days after constructive notice of Affiant's exclusive rights was established on April 28, 2026. Refer to Exhibit I.

**7.** Affiant states that on July 15, 2026, a deputy of the Athens-Clarke County Sheriff's Department (Badge No. 6782) executed service of process through Defendant Provest Litigation Services LLC. The Sheriff's Return of Service filed July 16, 2026 constitutes an official sworn public instrument bearing the colorable imitation "WILLIAM AUSTIN" — an unauthorized truncated derivative of Affiant's registered Servicemark WILLIAM ALAN AUSTIN℠ — as the named

party identifier, executed by Athens-Clarke County Sheriff's Department Deputy Badge No. 6782 through Defendant Provest Litigation Services LLC as a for-profit commercial process serving engagement. This sworn instrument constitutes a separately actionable unauthorized commercial use of Affiant's registered Servicemark, executed seventy-eight (78) days after constructive notice of Affiant's exclusive rights was established on April 28, 2026. Refer to Exhibit D.

**8.** Affiant states that on August 1, 2026, Affiant served formal **Notices of Servicemark Infringement** upon Defendants Auslander, Zarate, and Willison by USPS Registered Mail. Delivery of those three notices was confirmed on August 6, 2026. On August 4, 2026, Affiant also served formal **Notices of Servicemark Infringement** upon Defendants Beregi, Doubles, Leroy, and Sheriff Williams by USPS Certified Mail. Delivery of those notices was confirmed on August 7, 2026. Affiant additionally served **Ultra Vires Notices** upon Defendants Auslander and Zarate specifically identifying their ministerial commercial acts as exceeding the lawful authority of their respective offices and as carrying no immunity protection under ***Forrester v. White, 484 U.S. 219 (1988)***, **O.C.G.A. § 10-1-451(b)** and **15 U.S.C. § 1122(b)**. Delivery was confirmed by USPS return receipt on August 25, 2026. Eleven (11) separate notarized Certificates of Service confirming service upon each individual Defendant named above are referenced herein as Exhibit H.

**9.** Affiant states that the thirty (30) day response period established in the Notices of Servicemark Infringement expired on September 5, 2026 as to Defendants Auslander, Zarate, and Willison, and on September 6, 2026 as to all remaining Defendants. As of the date of this Affidavit, no named Defendant has provided any written response or taken any documented corrective action with respect to any demand set forth in the Notices. On August 12, 2026, Defendant Synchrony Financial provided a vague acknowledgment letter through its Corporate Consumer Relations department that did not address any specific demand and did not constitute compliance. Non-

compliance is confirmed as to all thirteen (13) Defendants. Direct written Notices of Servicemark Infringement were served upon seven (7) individual Defendants — Auslander, Zarate, Willison, Beregi, Doubles, Leroy, and Sheriff Williams. The remaining six (6) entity Defendants — CCS, Synchrony Financial, Synchrony Bank, Pollack & Rosen, P.C., Provest, and ACC — received actual and constructive notice through their respective officers, agents, or counsel under the Notice to Principal is Notice to Agent doctrine expressly declared on the face of each Notice, and are equally confirmed non-compliant

**10.** Affiant states that as of September 14, 2026, the online public docket of State Court of Athens-Clarke County Case No. ST26CV0568 remains publicly accessible and searchable, bearing Affiant's registered Servicemark name as the named defendant party identifier. The docket reflects the following six (6) instruments generated by Defendants and the court, each constituting a separately actionable unauthorized commercial use of Affiant's registered Servicemark: (a) Case Initiation Form — filed June 22, 2026 by Defendant CCS through Defendant Willison; (b) Complaint — filed June 22, 2026 by Defendant CCS through Defendant Willison; (c) Summons — issued and personally signed by Defendant Zarate on June 22, 2026; (d) Sheriff's Return of Service — executed by Athens-Clarke County Sheriff's Department Deputy Badge No. 6782 on July 15, 2026 and filed July 16, 2026; (e) Notice of Typographical Correction — erroneously docketed by Defendant Zarate as a public court filing on August 18, 2026, creating a new unauthorized public record bearing Affiant's registered Servicemark name beyond what any party's filing required; and (f) Private correspondence bearing the express designation "PRIVATE NOTICE — NOT TO BE FILED IN ANY COURT CASE OR PUBLIC RECORD" in bold red text — erroneously docketed by Defendant Zarate as a public court filing on September 14, 2026, constituting the second separate instance of such unauthorized docketing by Defendant Zarate. The publicly accessible online docket itself — bearing Affiant's Servicemark name as the designated defendant party identifier — constitutes an ongoing daily

unauthorized commercial use of the Mark in the court's commercial public records system. Every day the docket remains publicly accessible constitutes continuing infringement accruing against each responsible Defendant individually.

**11.** Affiant states that on August 18, 2026 — twelve (12) days after confirmed actual written notice of Affiant's exclusive rights on August 6, 2026 — Defendant Zarate docketed private correspondence as a public court filing, creating a new unauthorized public record bearing Affiant's registered Servicemark name beyond what any party's filing required. Affiant filed a Notice of Clarification on August 19, 2026, correcting the record.

**12.** Affiant states that on September 14, 2026, Defendant Zarate once again erroneously docketed private correspondence bearing Owner's Servicemark name as a public court filing in Case No. ST26CV0568 — constituting the second separate instance of such unauthorized docketing by Defendant Zarate in this proceeding. The correspondence bore the following express designation on its face in bold red text, prominently displayed at the top of the first page: "PRIVATE NOTICE — NOT TO BE FILED IN ANY COURT CASE OR PUBLIC RECORD." This second erroneous docketing occurred thirty-nine (39) days after confirmed actual written notice of Affiant's exclusive rights on August 6, 2026, and after Affiant had already filed a Notice of Clarification on August 19, 2026 specifically correcting Defendant Zarate's first erroneous docketing of August 18, 2026. This second instance establishes a deliberate pattern of willful infringement by Defendant Zarate individually, acting beyond the lawful authority of her office under Dillon's Rule and carrying no immunity protection under ***Forrester v. White, 484 U.S. 219 (1988)***, **O.C.G.A. § 10-1-451(b)** and **15 U.S.C. § 1122(b)**. Affiant filed a Second Notice of Clarification in Case No. ST26CV0568 on September 15, 2026 noting this second erroneous docketing for the record.

**13.** Affiant states that the continued unauthorized commercial exploitation of Affiant's registered Servicemark by all named Defendants causes irreparable harm to the Mark that monetary

damages alone cannot adequately remedy, including: **(a)** commercial dilution of the Mark's distinctiveness; **(b)** loss of exclusivity — the Mark's commercial value derives from its exclusive identification of one commercial source; **(c)** uncontrollable commercial associations — Defendants have commercially associated Affiant's registered Servicemark in a publicly accessible court record that any member of the public may access; and **(d)** ongoing and compounding nature of the harm — the State Court docket bearing Affiant's Servicemark name remains publicly accessible daily, causing harm to the Mark's commercial integrity that compounds with each passing day.

**14.** Affiant states that each Defendant named in this action committed the acts of unauthorized use of colorable imitations of Affiant's registered Servicemark described herein with actual or constructive knowledge that the Servicemark WILLIAM ALAN AUSTIN℠ is registered under the laws of the State of Georgia, **Registration No. S-33096**, as established by: **(a)** the constructive notice that arose by operation of law upon issuance of **Registration No.** S-33096 on April 28, 2026, pursuant to **O.C.G.A. § 10-1-452**; and **(b)** the actual written Notices of Servicemark Infringement personally served upon and confirmed received by each Defendant between August 6 and August 7, 2026, each of which expressly identified **Registration No. S-33096.** No Defendant obtained Affiant's consent prior to any such use. Each such act of unauthorized use of a colorable imitation after actual or constructive knowledge of the registration subjects each Defendant to civil liability for liquidated damages under **O.C.G.A. § 10-1-450** and statutory damages under **15 U.S.C. § 1117(a)**

**15.** All exhibits referenced herein are contained in the simultaneously filed Exhibits document and incorporated herein by reference as if fully set forth herein. The following exhibits are identified herein:

**LIST OF EXHIBITS:**

**Exhibit A:** Georgia Servicemark **Registration Certificate No. S-33096**

**Exhibit B:** Oconee County Trade Name Registration — February 27, 2026; and Affidavit of Publication — The Oconee Enterprise — March 12 and 19, 2026

**Exhibit C:** Screenshot — State Court of Athens-Clarke County Online Docket — Case No. ST26CV0568 — October 09, 2026

**Exhibit D:** Sheriff's Return of Service — Deputy Badge No. 6782 — July 15-16, 2026 — Sworn public instrument bearing Affiant's registered Servicemark name — executed through Defendant Provest's for-profit commercial process serving engagement

**Exhibit E:** Notices of Servicemark Infringement — All Defendants

August 1-4, 2026

**Exhibit F:** Notices of Non-Compliance and Confirmed Willful Infringement — All Defendants, September 10, 2026

**Exhibit G:** Bill of Sale — Credit Corp (SFFSCPFS) – PSCC Fresh – April 2025 — Transfer Date April 12, 2025 — Aggregate Sale Balance $39,717,158.49 — Filed by Defendant Willison as an exhibit in official court proceedings in the State Court of Athens-Clarke County, Georgia, and downloaded from the official State Court online docket — Party admission and official court record.

**Exhibit H:** Notarized Certificates of Service — Eleven (11) individual Certificates of Service, each separately notarized, confirming service of formal Notices of Servicemark Infringement upon the following named individual Defendants: Auslander, Zarate, and Willison (served August 1, 2026 by USPS Registered Mail, confirmed August 6, 2026); and Beregi, Doubles, Leroy, and Sheriff Williams (served August 4, 2026 by USPS Certified Mail,

confirmed August 7, 2026). All documents referenced in Exhibit H are available in electronic PDF format upon request.

**Exhibit I:** Official Summons — State Court of Athens-Clarke County, Case No. ST26CV0568 — personally signed and issued by Defendant Elisa Zarate, Clerk of Court, on June 22, 2026, bearing the colorable imitation "AUSTIN, WILLIAM" as the named defendant party identifier — official court instrument under **Fed. R. Evid. 201(b)(2)**

bi: William Alan Austin
= = = = = = = = = = = = = = = = = = = = = = = = = =

**William-Alan Austin**
Owner, Servicemark WILLIAM ALAN AUSTIN℠
Georgia Registration No. S-33096
Appearing Specially and Pro Se
1090 Experiment Station Road, Unit #662
Watkinsville, Georgia [30677-9998]
waaustin@braxmail.net

**JURAT NOTARY**

**State of Georgia**

**County of Gwinnett**

Subscribed and sworn to (or affirmed) before me on this 12 day of October, 2026, by **William-Alan: Austin**, proved to me on the basis of satisfactory evidence to be the person who appeared before me and who executed this **Affidavit of William-Alan Austin** in the capacity of Owner of Servicemark **WILLIAM ALAN AUSTIN℠**, **Georgia Registration No. S-33096**.

Notary Signature: Lisa Pilch
Printed Name: Lisa Pilch
My Commission Expires: 02-19-2027

LISA PILCH NOTARY PUBLIC GWINNETT COUNTY GEORGIA COMM. EXPIRES