**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

---

William-Alan Austin,
Owner, Servicemark WILLIAM ALAN AUSTIN℠,

Plaintiff,

**v.** Civil Action No.: 3:26-CV-00158-TES

CREDIT CORP SOLUTIONS, INC., a Utah corporation;
SYNCHRONY FINANCIAL, a Delaware corporation;
SYNCHRONY BANK, a federally chartered savings association;
POLLACK & ROSEN, P.C., a Georgia professional corporation;
PROVEST LITIGATION SERVICES LLC, a Florida limited liability company;
JEFF WILLISON, ESQ., individually;
THOMAS BEREGI, individually;
BRIAN D. DOUBLES, individually;
MICHAEL J. LEROY, individually;
CHARLES E. AUSLANDER III, individually and in his official capacity as Judge, State Court of Athens-Clarke County;
ELISA ZARATE, individually and in her official capacity as Clerk of Court, State Court of Athens-Clarke County;
ATHENS-CLARKE COUNTY UNIFIED GOVERNMENT, a political subdivision of the State of Georgia;
JOHN Q. WILLIAMS, individually and in his official capacity as Sheriff of Athens-Clarke County

Defendants.

---

# PLAINTIFF'S MOTION FOR MANDATORY JUDICIAL NOTICE

## PURSUANT TO FEDERAL RULE OF EVIDENCE 201

---

COMES NOW William-Alan Austin ("Owner" or "Plaintiff"), appearing specially and solely in his capacity as the registered Owner of Servicemark **WILLIAM ALAN AUSTIN℠, Georgia Registration No. S-33096,** and respectfully requests that this Court take mandatory judicial notice of the facts set forth herein pursuant to **Federal Rule of Evidence 201**. Each fact identified below is "not subject to reasonable dispute" because each "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." **Fed. R. Evid. 201(b)(2)**. See also ***United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994)***.

## LEGAL STANDARD

Pursuant to **Federal Rule of Evidence 201(b)**, a court may take judicial notice of an adjudicative fact that is "not subject to reasonable dispute" because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." **Fed. R. Evid. 201(c)(2)**.

Judicial notice may be taken at any stage of the proceeding. Upon taking judicial notice in a civil proceeding, the Court shall instruct the jury to accept the noticed fact as conclusive. **Fed. R. Evid. 201(f)**. This is a civil action; the conclusive effect of judicial notice applies accordingly.

# FACTS FOR WHICH MANDATORY JUDICIAL NOTICE IS REQUESTED

## FACT I — Georgia Servicemark Registration No. S-33096

| | |
|---|---|
| **Mark** | **WILLIAM ALAN AUSTIN℠** |
| **Registration No.** | **S-33096** |
| **Issued** | April 28, 2026 |
| **Issued By** | Georgia Secretary of State |
| **Services Class** | Class 3 — Private Banking and Financial Services |
| **Registrant** | William-Alan Austin, a living individual |
| **First Use Date** | March 11, 1958 |
| **Expiration Date** | April 28, 2036 |
| **Source** | Georgia Secretary of State official Servicemark registration records — a public government database whose accuracy cannot reasonably be questioned (Refer to Exhibit A) |

Facts to be noticed: (a) Servicemark **WILLIAM ALAN AUSTIN℠** is a registered Georgia Servicemark owned exclusively by Plaintiff William-Alan Austin; (b) said registration was issued April 28, 2026 under Registration No. **S-33096**; (c) the Services Class is Class 3 — Private Banking and Financial Services; (d) the Mark has been in continuous commercial use since March 11, 1958, establishing priority of use under ***Planetary Motion, Inc. v. Techsplosion, Inc., 261 F.3d 1188 (11th Cir. 2001)***; and (e) pursuant to **O.C.G.A. § 10-1-452**, the registration constitutes constructive notice to all persons and entities — including all Defendants — of Plaintiff's exclusive rights, eliminating any defense of ignorance.

**Supporting Document: See Exhibit A** — Georgia Servicemark **Registration Certificate No. S-33096.**

**FACT II — Trade Name Registration — "WILLIAM ALAN AUSTIN" — Oconee County, Georgia**

| | |
|---|---|
| **Trade Name** | WILLIAM ALAN AUSTIN |
| **Recorded** | February 27, 2026 |
| **Recorded With** | Oconee County, Georgia Clerk of Superior Court |
| **Publication** | The Oconee Enterprise newspaper |
| **Published** | March 12 and 19, 2026 |
| **Instrument** | Affidavit of Publication on file with Oconee County |
| **Source** | Oconee County Clerk of Superior Court public records — a source whose accuracy cannot reasonably be questioned (Refer to Exhibit B) |

Facts to be noticed: (a) Plaintiff independently recorded the Trade Name "WILLIAM ALAN AUSTIN" with the Oconee County Clerk of Superior Court on February 27, 2026, pursuant to O.C.G.A. § 10-1-490; (b) the Trade Name was published in The Oconee Enterprise on March 12 and 19, 2026; and (c) the Trade Name registration constitutes a second independent publicly recorded instrument of Plaintiff's exclusive rights, predating Georgia Servicemark Registration No. **S-33096** by sixty (60) days and predating all events giving rise to this action.

**Supporting Documents: Exhibit B** — Oconee County Trade Name Registration and Affidavit of Publication — The Oconee Enterprise.

**FACT III — State Court of Athens-Clarke County Docket — Case No. ST26CV0568 — September 14, 2026**

| | |
|---|---|
| **Case No.** | ST26CV0568 |
| **Court** | State Court of Athens-Clarke County, Georgia |
| **Case Style** | Credit Corp Solutions, Inc. A/A/O Synchrony Bank v. William Austin |
| **Docket Date** | September 14, 2026 |
| **Source** | Official online public docket of the State Court of Athens-Clarke County — an official court record whose accuracy cannot reasonably be questioned under Fed. R. Evid. 201(b)(2) |

Facts to be noticed: The official online public docket of the State Court of Athens-Clarke County, Case No. ST26CV0568, styled CREDIT CORP SOLUTIONS, INC. A/A/O SYNCHRONY BANK v. WILLIAM AUSTIN, is a publicly accessible official court record bearing Plaintiff's registered Servicemark WILLIAM ALAN AUSTIN℠ as the named defendant party identifier. The docket reflects the following docketed instruments, each constituting a separately actionable unauthorized commercial use of Plaintiff's Servicemark:

**a)** June 22, 2026 — Case Initiation Form; and

**b)** June 22, 2026 — Complaint; and

**c)** June 22, 2026 — Summons — personally signed by Defendant Zarate; and

**d)** July 16, 2026 — Sheriff's Return of Service — executed by Athens-Clarke County Sheriff's Department Deputy Badge No. 6782 on July 15, 2026 and filed July 16, 2026; and

**e)** August 18, 2026 — Notice of Typographical Correction — erroneously docketed by Defendant Zarate as a public court filing, creating a new unauthorized public record bearing Owner's registered Servicemark name beyond what any party's filing required; and

**f)** September 14, 2026 — Private correspondence bearing the express designation "PRIVATE NOTICE — NOT TO BE FILED IN ANY COURT CASE OR PUBLIC RECORD" in bold red text on its face, erroneously docketed by Defendant Zarate as a public court filing — constituting the second separate instance of such unauthorized docketing by Defendant Zarate and a separately actionable willful infringement event occurring thirty-nine (39) days after confirmed actual written notice of Plaintiff's exclusive rights.

As of September 14, 2026, the docket reflects six (6) separately docketed instruments constituting unauthorized commercial use of Plaintiff's registered Servicemark and remains publicly accessible, constituting ongoing daily infringement accruing against each Defendant individually after confirmed actual written notice of Plaintiff's exclusive rights.

**Supporting Document: See Exhibit C** — Screenshot of State Court Online Docket — October 20, 2026

## FACT IV — Sheriff's Return of Service — Deputy Badge No. 6782 — Sworn Public Instrument Bearing Plaintiff's Registered Servicemark

| | |
|---|---|
| **Document** | Sheriff's Return of Service |
| **Executed By** | Athens-Clarke County Sheriff's Department Deputy Badge No. 6782 |
| **Execution Date** | July 15, 2026 |
| **Filed** | July 16, 2026 |
| **Days After Notice** | Seventy-eight (78) days after constructive notice established April 28, 2026 |
| **Source** | Official court record filed in Case No. ST26CV0568 — official court record under Fed. R. Evid. 201(b)(2) (Refer to Exhibit D) |

Facts to be noticed: The Sheriff's Return of Service filed July 16, 2026 is an official sworn public instrument bearing the colorable imitation "WILLIAM AUSTIN" as the named defendant party identifier, executed by Athens-Clarke County Sheriff's Department Deputy Badge No. 6782 through Defendant Provest Litigation Services LLC as a for-profit commercial process serving engagement. This sworn instrument constitutes a separately actionable unauthorized commercial use of Plaintiff's registered Servicemark, executed seventy-eight (78) days after constructive notice of Plaintiff's exclusive rights was established on April 28, 2026.

**Supporting Document: See Exhibit D** — Sheriff's Return of Service — Deputy Badge No. 6782 — July 15-16, 2026.

## FACT V: Bill of Sale — Commercial Sale for Profit — April 2025

| | |
|---|---|
| **Document** | Bill of Sale — Credit Corp (SFFSCPFS) – PSCC Fresh – April 2025 — DocuSign ID: 596BEFE8-0939-4BFD-B452-FC05FACB84A1 |
| **Transfer Date** | April 12, 2025 |
| **Sale Executed** | April 28, 2025 |
| **Seller** | Synchrony Bank |
| **Buyer** | Credit Corp Solutions, Inc. |
| **Terms** | Aggregate Sale Balance $39,717,158.49 — Executed without recourse |
| **Source** | Filed by Defendant Willison as an exhibit in official court proceedings in the State Court of Athens-Clarke County, Georgia — official court record under **Fed. R. Evid. 201(b)(2)** (Refer to Exhibit G) |

Facts to be noticed: A true and correct copy of the Bill of Sale styled "Credit Corp (SFFSCPFS) – PSCC Fresh – April 2025," executed on April 28, 2025 (DocuSign Envelope ID: 596BEFE8-0939-4BFD-B452-FC05FACB84A1), by and between Synchrony Bank (Seller) and Credit Corp Solutions, Inc. ("Buyer"), confirms the commercial sale for profit of the portfolio, including Plaintiff's Mark-identified account, with a Transfer Date of April 12, 2025 for an aggregate Sale Balance of the accounts of $39,717,158.49. Filed by Defendant Jeff Willison, Esq. as an exhibit in official court proceedings in the State Court of Athens-Clarke County, Georgia, this Bill of Sale constitutes an official court record subject to judicial notice under **Fed. R. Evid. 201(b)(2)** as a source whose accuracy cannot reasonably be questioned.

**Supporting Document: See Exhibit G** — Bill of Sale — Credit Corp (SFFSCPFS) – PSCC Fresh — April 2025.

## FACT VI: Confirmed Delivery of Infringement Notices and Non-Compliance — August 6-7 & September 10, 2026

| | |
|---|---|
| **August 1, 2026** | USPS Registered Mail — Auslander, Zarate, Willison — Delivery Confirmed August 6, 2026 |
| **August 4, 2026** | USPS Certified Mail — Beregi, Doubles, Leroy, and Sheriff Williams — Delivery Confirmed August 7, 2026 |
| **Response Deadline** | September 5-6, 2026 — No Defendant complied |
| **September 10, 2026** | Notices of Non-Compliance and Confirmed Willful Infringement served upon all named Defendants — No Defendant responded or complied |
| **CoS Source** | Eleven (11) notarized Certificates of Service (Refer to Exhibit H) |

Facts to be noticed: Plaintiff served formal Notices of Servicemark Infringement upon seven (7) named individual Defendants as follows: Defendants Auslander, Zarate, and Willison — served August 1, 2026 by USPS Registered Mail, delivery confirmed August 6, 2026; Defendants Beregi, Doubles, Leroy, and Sheriff Williams — served August 4, 2026 by USPS Certified Mail, delivery confirmed August 7, 2026. Service upon the remaining corporate entity Defendants is established through the Notice to Principal is Notice to Agent doctrine as declared on the face of each Notice, through their respective officers named

above. Eleven (11) separate notarized Certificates of Service confirming service upon each individual Defendant are provided in Exhibit H. The thirty (30) day response period expired September 5, 2026 as to Defendants Auslander, Zarate, and Willison, and September 6, 2026 as to all remaining Defendants, without compliance from any named Defendant. On September 10, 2026, Plaintiff served formal Notices of Non-Compliance and Confirmed Willful Infringement upon all named Defendants (See Exhibit F), documenting each Defendant's confirmed failure to comply and formally establishing willful infringement as of that date. No named Defendant responded to the Non-Compliance Notices.

**Supporting Documents: Exhibits E, F, and H** — Eleven (11) notarized Certificates of Service and corresponding Notices of Servicemark Infringement confirming service upon each individual named Defendant on August 1, 2026 (USPS Registered Mail) and August 4, 2026 (USPS Certified Mail). The original documents comprising Exhibit H are voluminous, totaling approximately fifty-five (55) to sixty (60) pages in the aggregate. Rather than burden the Court's record at filing, Plaintiff states that all such documents are in Plaintiff's possession, custody, and control, have been duly executed and notarized as described herein, and will be made available for inspection and production upon request of the Court or any party. All documents referenced in Exhibit H are available in electronic PDF format upon request.

**FACT VII: Official Summons — Colorable Imitation "AUSTIN, WILLIAM" as Named Party — June 22, 2026**

| | |
|---|---|
| **Document** | Official Summons — State Court of Athens-Clarke County — Case No. ST26CV0568 |
| **Issued** | June 22, 2026 |
| **Issued By** | Defendant Elisa Zarate — Clerk of Court — personally signed |
| **Styled** | CREDIT CORP SOLUTIONS, INC. A/A/O SYNCHRONY BANK v. WILLIAM AUSTIN |
| **Mark Used** | AUSTIN, WILLIAM — colorable imitation / unauthorized inverted derivative of Plaintiff's registered Servicemark |
| **Days After Notice** | Fifty-five (55) days after constructive notice established April 28, 2026 |
| **Source** | Official court instrument — State Court of Athens-Clarke County, Georgia — public record under **Fed. R. Evid. 201(b)(2)** |

Facts to be noticed: On June 22, 2026, Defendant Elisa Zarate, Clerk of Court of the State Court of Athens-Clarke County, personally signed and issued an Official Summons in Case No. ST26CV0568, styled CREDIT CORP SOLUTIONS, INC. A/A/O SYNCHRONY BANK v. WILLIAM AUSTIN. The Summons bears the colorable imitation "AUSTIN, WILLIAM" — an unauthorized inverted derivative of Plaintiff's registered Servicemark WILLIAM ALAN AUSTIN℠ — as the named defendant party identifier. The Summons was executed on June 22, 2026, fifty-five (55) days after constructive notice of Plaintiff's exclusive rights was established on April 28, 2026. As an official court instrument personally executed by Defendant Zarate in her official capacity as Clerk of Court, the Summons constitutes a public record whose accuracy cannot reasonably be questioned under **Fed. R. Evid. 201(b)(2)**.

**Supporting Documents: Exhibit I** Official court instrument of the State Court of Athens-Clarke County, Georgia. As a signed and issued official court record, this Summons is subject to judicial notice under **Fed. R. Evid. 201(b)(2)** as an official public record whose accuracy cannot reasonably be questioned.

## LEGAL EFFECT OF JUDICIAL NOTICE

Each of the seven facts enumerated above satisfies the standard of **Fed. R. Evid. 201(b)(2)**. Each fact is accurately and readily determined from sources whose accuracy cannot reasonably be questioned: official government registration records, official court records, and notarized sworn instruments. The Court must take judicial notice of each fact upon Plaintiff's request. **Fed. R. Evid. 201(c)(2)**.

Upon taking judicial notice of the facts enumerated herein, the jury shall be instructed to accept the noticed facts as conclusive. **Fed. R. Evid. 201(f)**. Each noticed fact directly supports Plaintiff's claims of willful Servicemark infringement under **O.C.G.A. §§ 10-1-450 and 10-1-451** and **15 U.S.C. §§ 1114(1), 1125(a)**.

Furthermore, judicial notice of **Fact I** — Georgia Servicemark **Registration No. S-33096** — establishes that constructive notice of Plaintiff's exclusive rights was in effect as of April 28, 2026, pursuant to **O.C.G.A. § 10-1-452**. Every act of unauthorized commercial use of Plaintiff's registered Servicemark after April 28, 2026 — including every docketed instrument identified in **Fact III** — constitutes infringement with constructive notice, and every such act after August 6-7, 2026 confirmed actual written notice constitutes documented willful infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

**a)** Take mandatory judicial notice of each of the seven facts enumerated in Section II above pursuant to **Federal Rule of Evidence 201**;

**b)** Enter an order establishing the judicially noticed facts as conclusive for all purposes in this action pursuant to **Fed. R. Evid. 201(f)**;

**c)** Accept Servicemark Registration No. **S-33096** and the Oconee County Trade Name Registration as conclusive evidence of Plaintiff's exclusive rights in the Mark WILLIAM ALAN AUSTIN℠ as

of April 28, 2026 and February 27, 2026 respectively; and the constructive notice effect thereof as binding on all Defendants; and

**d)** Grant such other and further relief as the Court deems just and proper.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court take judicial notice of each of the seven facts set forth above pursuant to Federal Rule of Evidence 201. A proposed Order is submitted herewith.

Respectfully submitted,

Executed on this 29th day of October, 2026.

bi: William Alan Austin
========================

**William-Alan Austin**
Owner, Servicemark WILLIAM ALAN AUSTIN℠
**Georgia Registration No. S-33096**
Appearing Specially and Pro Se
1090 Experiment Station Road, Unit #662
Watkinsville, Georgia [30677-9998]
waaustin@braxmail.net