**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | |
|---|---|
| **WILLIAM-ALAN AUSTIN,**<br>***Plaintiff,***<br>**v.**<br>**CREDIT CORP SOLUTIONS, INC.** ***et al.*****,**<br>***Defendant.*** | **CIVIL ACTION NO.**<br>**3:26-cv-00158-TES** |

**ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE**

On October 21, 2026, Plaintiff William-Alan Austin, proceeding pro se, filed a complaint against 13 defendants.[1] [Doc. 1]. One of those named defendants is Thomas Beregi whom Plaintiff alleges is the president and chief executive officer of Credit Corp Solutions, Inc., and is responsible for its "overall business operations and commercial performance." [Doc. 1, pp. 5–6 ¶ 13]. Plaintiff also states that Defendant Beregi "is an Australian citizen domiciled and residing in Australia." [Doc. 8, p. 2]. Thus, pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiff seeks an order authorizing alternative service of process—via email—for Defendant Beregi. *See generally* [Doc. 8].

Rule 4(f) states:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be

[1] Along with his complaint, Plaintiff paid the filing fee. *See* Filing Fee Paid, *Austin v. Credit Corp Sols., Inc.*, No. 3:26-cv-00158-TES (M.D. Ga. Oct. 21, 2026), Receipt No. 44037.

> served at a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>
> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>
> (C) unless prohibited by the foreign country's law, by:
>
> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>
> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

From the plain language of the rule, district courts "may" direct unilaterally defined means of alternative service. *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921 (11th Cir. 2003) (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002)); *Mayoral-Amy v. BHI Corp.*, 180 F.R.D. 456, 460 (S.D. Fla. 1998). In *Rio Properties, Inc.*, the Ninth Circuit held that service under Rule 4(f)(3) "is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)," and a plaintiff can use Rule 4(f)(3) "without first attempting service by other means." 284 F.3d at 1015 ("Indeed, Rule 4(f)(3) is one of three separately numbered subsections in Rule 4(f), and each subsection is separated from the one previous merely by the simple conjunction 'or.'") (citing *Forum Fin. Grp., LLC v. President & Fellows*, 199 F.R.D. 22, 23–24 (D. Me. 2001)). Whatever a district court defines for the service-of-process method, it must comport with

constitutional notions of due process. *Id.* at 1016. "To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 1016–17 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). " . . . [A]s long as [it's] court-directed," "comport[s] with constitutional notions of due process," and "not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." *Id.* at 1014–15 (citations omitted).

In his motion, Plaintiff first argues that "Australia is a signatory" to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361 (hereinafter, the "Hague Service Convention"). [Doc. 8, p. 2]. Plaintiff further tells the Court that Australia "has not filed any objection to Article 10." [*Id.* (emphasis omitted)]. Article 10 of the Hague Service Convention states: "Provided the State of designation does not object, the present Convention shall not interfere with . . . the freedom to send judicial documents, by postal channels, directly to persons abroad . . . ." Other courts have held any "objection" from a particular country to be one of an "express" objection. *See, e.g.*, *Aggressor Adventures, LLC v. Red Sea Paradise for Cruises S.A.E.*, No. CV 122-101, 2023 WL 5088979, at *2 (S.D. Ga. July 10, 2023) ("Finally, although Egypt has objected to service through

postal channels under Article 10 of the Hague Convention, such an objection does not render service by email a violation of the Hague Convention that is prohibited under Rule 4(f)(3)."); *Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011) ("Where a signatory nation has objected to only those means of service listed in Article [10], a court acting under Rule 4(f)(3) remains free to order alternative means of service that are not specifically referenced . . . ."). In other words, Rule 4(f)(3) can be a permissible service avenue if "a signatory nation has not *expressly* objected" to a specific, alternative means of service. *Birmingham v. Doe*, 593 F. Supp. 3d 1151, 1159 (S.D. Fla. 2022).

Second, Plaintiff contends that "[t]he Hague Conference on Private International Law's official [s]tatus [t]able confirms no declaration objecting to Article 10 service channels has been filed by Australia." [Doc. 8, p. 2]. On review, in ruling on Plaintiff's motion, the Hague Conference on Private International Law's website states that "Australia does not object to service by postal channels, where it is permitted in the jurisdiction in which the process is to be served." *See* Status Table, HCCH, https://www.hcch.net/en/instruments/conventions/status-table/print/?cid=17 (last visited Nov. 24, 2026) (to see whether a country has objected to a certain article, the user must click on the link found in column "Res/D/N/DC" of the corresponding country). "Where a signatory nation has objected to the alternative means of service provided by the Hague [Service] Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service, such as email, social media

messaging, or website posting." *Birmingham*, 593 F. Supp. 3d at 1159 (citing *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, No. 15-20590-CIV, 2015 WL 5320947, at *3 (S.D. Fla. Sept. 14, 2015) (noting that an objection to the alternative forms of service set forth in the Hague Service Convention is limited to the specific forms of service in the objection)). According to the Hague Conference on Private International Law's website, Australia doesn't object at all to "service by postal channels" so long as "it is permitted in the jurisdiction in which the process is to be served." *See* Status Table, HCCH, https://www.hcch.net/en/instruments/conventions/status-table/print/?cid=17 (last visited Nov. 24, 2026). Based on that, it appears Plaintiff may serve process via email on an individual domiciled in Australia. *See* [Doc. 8, p. 2].

Therefore, the Court **GRANTS** Plaintiff's motion for alternative service of process on Defendant Beregi by email at *tberegi@creditcorp.com.au*. *See* [*id.*]. Plaintiff must serve Defendant Beregi within ***14 days*** of the date of this order. The Court notes, consistent with the Ninth Circuit in *Rio Properties, Inc.*, however, that service of process by email is not without its limitations. 284 F.2d at 1018 (discussing that "[i]n most instances, there is no way to confirm receipt of an email message"). So, in an effort to balance whatever limitations may come about as a result of Plaintiff's effort to serve Defendant Beregi via the email address listed in his motion, Plaintiff is **HEREBY ORDERED** to attach filed copies of the following documents: (1) this order; (2) his complaint, (3) his civil cover sheet, (4) his exhibit list and *all* corresponding exhibits, and

(5) his summons for Defendant Beregi. *See, e.g.*, [Doc. 1]; [Doc. 1-1]; [Doc. 1-2]; [Doc. 1-3]; [Doc. 1-4]; [Doc. 1-5]; [Doc. 1-6]; [Doc. 1-7]; [Doc. 1-8]; [Doc. 1-9]; [Doc. 1-10]; [Doc. 1-11]; [Doc. 1-18]; [Doc. 7-2]. Plaintiff must attach each of these as .pdf documents bearing the blue CM/ECF header at the top of each page. The Court orders this specific directive to (hopefully) ensure legitimacy of Plaintiff's service email to Defendant Beregi. Once completed, Plaintiff is **FURTHER ORDERED** to file a copy of delivery confirmation (or substantially equivalent document) showing all required attachments as proof that his service email has been carried out on Defendant Beregi.

**SO ORDERED**, this 24th day of November, 2026.

*S/ Tilman E. Self, III*
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**